## WIGGINS *vs.* VARNER.

The act of 1875 does not divest the ordinary of his discretion in granting or refusing a license to retail liquor.   That act merely imposes additional requirements upon the applicant, leaving in the ordinary the power to grant or refuse a license.

License.   Ordinary.   Powers.   Before Judge CRISP. Schley Superior Court.   September Term, 1881.

Reported in the decision.

HINTON & MATTHEWS, for plaintiff in error.

GUERRY & SON, for defendant.

CRAWFORD, Justice.

The sole question to be decided in this case is, whether the ordinary of Schley county is clothed with the power to grant or refuse an application for license to retail spirituous liquors, when the applicant complies with the usual requirements of the law in such cases.

Under the law as it existed prior to the Code, it was held that the inferior courts were not allowed in their discretion to withhold such license when the terms of the

law had been complied with. In that decision, 15 *Ga.*, 413, this court said that it regretted more than the judges were able to express that the discretion was withheld from the inferior court to refuse this privilege of a license to retail spirituous liquors.

Upon the adoption of the Code a few years thereafter, it was provided, that before obtaining license to retail spirituous liquors, application should be made to the ordinary of the county in which persons desired to retail, and that the ordinary should have the power to grant or refuse the said application.

But it is said that the act of 1875 prescribing the mode of granting license to sell intoxicating liquors in the county of Schley, has changed this right of discretion, and that upon the written consent of two-thirds of the citizen freeholders, male and female, and the compliance of the applicant with the other requirements of the law, he is entitled to the said license. The construction which we place upon this act is, that it is only an additional requirement put upon the applicant, and was in nowise intended to limit the power of the ordinary in granting or refusing the license.

Taking the law, then, as it is now of force under the Code and the act of 1875, the judge below did not err in refusing the *mandamus*.

Judgment affirmed.