UNITED STATES *ex rel.* HOVER *v.* RONAN, Sheriff.[1]

(*Circuit Court, S. D. Georgia, E. D.* November 7, 1887.)

1. HABEAS CORPUS—DISCRETION OF JUDGE—CONSTITUTIONALITY OF LIQUOR LAW.
A saloon keeper, who had made no attempt to comply with the state liquor law, pleaded guilty when arraigned under an indictment charging him with having sold liquor without the license required by the statute. He was sentenced to be imprisoned until the fine imposed was paid. Application was made to the United States district judge for a writ of *habeas corpus*, on the ground that the act under which the petitioner was prosecuted was unconstitutional, because it denied him the equal protection of the laws guarantied by Const. U. S. Amend. 14. The particular act in question had never been sustained by the supreme court of the state. The district judge refused the writ. *Held*, on appeal, that the granting of the writ rested in the discretion of the district judge, and, the facts showing no abuse of that discretion, his refusal of the writ should be affirmed.

2. INTOXICATING LIQUORS—CONSTITUTIONAL LAW—CONSENT OF FREEHOLDERS.
Code Ga. § 1419, as amended by the act of October 16, 1885, provides that no license to retail spirituous liquors shall be granted, *except in incorporated cities or towns*, unless with the "written consent of ten of the nearest *bona fide* residents, five of whom shall be freeholders," etc. *Held*, that the exception in favor of such towns and cities was not unconstitutional as denying to saloon keepers in the counties the equal protection of the laws secured to citizens by Const. U. S. Amend. 14.[2]

3. SAME—CONSTITUTIONAL LAW—LICENSE—CONCLUSIVENESS OF DECISION.
Nor is that section of the Code in contravention of the fourteenth amendment because the decision of the court of county commissioners, and of the ordinary in counties where no such court exists, is made final and conclusive;

[1] Affirming 30 Fed. Rep. 51.  [2] See note on next page.
Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

it being within the power of the state to authorize the issuing of licenses to sell intoxicating liquors, and to determine the conditions upon which the person to whom, and by what officials, the licenses may be granted.[1]

Appeal from District Court.   On *habeas corpus.*
*Charles N. West,* for petitioner.
*H. G. Dubignon,* Dist. Atty., for the Sheriff.

PARDEE, J.   Section 1419 of the Code of Georgia, as amended by act of the legislature approved October 16, 1885, (see Public Acts, Sess. 1884–85, pp. 59, 60,) provides as follows:

"Persons, before obtaining license to retail spirituous liquors, or sell the same in any quantity less than one gallon, must apply to the ordinary of the county, or to the county commissioners of the county where such courts exist, in which they desire to retail or sell in any quantity less than one gallon, who have power to grant or refuse such application.   Before any license shall be granted, the applicant shall present to the ordinary the written consent of ten of the nearest *bona fide* residents, five of whom shall be freeholders owning land, irrespective of county lines, nearest to the place of business where such spirituous liquors are to be sold: provided that this act shall not apply to incorporated towns or cities.   When such application is granted and entered on the minutes, the applicant shall execute a bond, with sufficient security, in the sum of five hundred dollars, payable to such ordinary, conditioned to keep an orderly house, and to abide faithfully by the oath to be taken by him, which bond shall be taken and approved by the ordinary, filed in his office, and recorded in a book kept for that purpose.   Any person aggrieved may bring suit on such bond.   Licenses granted in any other way are void.   They shall also, at the same time, before said ordinary, take and subscribe the following oath: ' I swear that I will not, during the next twelve months, sell, barter, give, or furnish spirituous or intoxicating liquors, in any quantity, to any minor, either white or colored, without the consent of his or her parents or guardian, and that I will not allow others to do so for me with my knowledge or consent, so help me God.' "

January 6, 1887, the grand jury of the county of Chatham, state of Georgia, presented in the superior court of said county the following, to-wit:

"The grand jurors selected, chosen, and sworn for the county of Chatham by special presentment in the name and behalf of the citizens of Georgia charge and accuse L. L. Hover, of the county and state aforesaid, with the offense of a misdemeanor.   For that the said L. L. Hover, in the county of Chatham and state of Georgia aforesaid, on the first day of August, in the year of our Lord one thousand eight hundred and eighty-six, without license from the board of county commissioners of the county of Chatham, the proper authority invested by law with power to issue such license, in a certain house did sell by retail whisky, without license from said board of county commissioners, as aforesaid, contrary to the laws of said state, and the good order, peace, and dignity thereof."

January 22, 1887, the relator appeared in said superior court, waived arraignment, and pleaded guilty.   The state accepted the plea of guilty;

---

[1] As to the constitutionality of legislation regulating or prohibiting traffic in intoxicating liquors, see Ex parte Burnside, (Ky.) 6 S. W. Rep. 276; Ex parte Kennedy, (Tex.) 3 S. W. Rep. 114, and note,

and on February 12th following the said superior court, on the presentment and plea aforesaid, sentenced the relator as follows, to-wit:

"That you, L. L. Hover, pay a fine of three hundred dollars, and be discharged on payment of said fine and costs; but if the said defendant fail to pay the said fine and costs, it is ordered that in lieu thereof you be imprisoned in the common jail of Chatham county for the space of six months."

The relator refused to pay the said fine, was taken into custody by the respondent sheriff, and thereupon petitioned the Honorable EMORY SPEER, judge of the district court of the United States for the Southern district of Georgia, for a writ of *habeas corpus.* In his petition, after setting out the proceedings in the state court, he alleges, as grounds for the writ, that at the time specified in the said presentment he resided in said county of Chatham, outside of any incorporated town or city, and that he was duly authorized by license bearing date January 2, 1886, issued unto him by authority of the General Laws of the state of Georgia, and continuing in force for the space of one year from said date, to sell whisky by retail in said county; that the said amended article of the Code of Georgia under which he was presented and sentenced is void, because in violation of the fourteenth amendment to the constitution of the United States. The conflict with the fourteenth amendment is set out in detail as follows:

"That the said act of October 18, 1885, denies to all persons within the jurisdiction of said state the equal protection of its laws, and did deny to petitioner the equal protection of the laws of Georgia, by requiring for your petitioner the consent of the residents of said state, as a condition precedent to the issuance to your petitioner of a license to do a business sanctioned as legal by the laws of Georgia, and by its license to him; and by requiring for your petitioner a license to be granted to him by the arbitrary discretion of the board of county commissioners of said county, after the performance of the said condition precedent in the obtainment of the consent of ten resident persons; and by requiring from your petitioner the application for a license under said conditions precedent, and the granting of a license unto him at the said arbitrary discretion of persons, while expressly relieving the residents of incorporated towns and cities from the burdens, restrictions, duties, pains, and penalties applied by said act to your petitioner."

On filing the petition for the writ of *habeas corpus,* the district court heard argument, and thereafter refused the writ, assigning lengthy reasons appearing in the record, and reported in 30 Fed. Rep. 51. The relator applied for an appeal to the circuit court, and the same was granted. The matter on appeal has been submitted by agreement to the circuit judge on briefs.

The cause being heard on appeal from the order of the district court refusing the writ, the question primarily to be considered is whether the district court was justified in its order. According to the decision of the supreme court in *Ex parte Royall,* 117 U. S. 241, 6 Sup. Ct. Rep. 734, the refusal of the writ of *habeas corpus* in a case like this is within the discretion of the court, as the petitioner, conceding the law of the case, has other remedies for his relief. Unless it appears in this case, therefore, that the discretion of the district court in refusing the writ under the

circumstances of the case has been inconsistent with law and justice, it is difficult to see how the relator can be relieved on appeal. The showing made by the petition is one where no attempt appears to have been made to comply with the law of the state in any respect, no application for license, no consent of *bona fide* residents, no bond to keep an orderly house tendered, nor any oath taken as to selling liquors to minors, and no defense was made before the state court. The particular law of the state of Georgia attacked by the petitioner does not appear to have been sustained by the supreme court of Georgia.

As to the discretion given by the law to the ordinary or the county commissioners to grant or refuse a license, it is conceded that the supreme court of Georgia, under the section (1419) before amendment, held that the discretion could not be reviewed. See *Wiggins* v. *Varner*, 67 Ga. 583. But as to the discrimination between towns and cities on the one side, and the country on the other, it does not appear that the courts of Georgia have ever been called upon to pronounce. If such discrimination is in violation of the fourteenth amendment to the constitution of the United States, the courts of Georgia are bound to so declare it; and if they fail, the party aggrieved may have his writ of error to the supreme court of the United States. It would seem then that there can be no injustice in leaving the petitioner to prosecute his rights in the state courts, and that the action of the district court in refusing the writ in this case is sustained by *Ex parte Royall, supra.*

The district court, however, did not base its refusal on any such narrow ground, but attacked the relator's case on its merits, and put in the record of appeal its reasons in full. These reasons I have carefully considered, with the authorities cited in support, and in the conclusion reached I fully concur. The exception of incorporated towns and cities from the operation of the law complained of, was doubtless considered necessary and proper because of the difference in social and police conditions existing between town and country, and because of the larger powers as to local government usually granted to towns and cities. If such exception amounts to discrimination, it cannot be said to deny to any person the equal protection of the laws, as the exception affects localities, and not persons, and persons similarly situated come under the same rule. See *Hayes* v. *Missouri*, 120 U. S. 68, 7 Sup. Ct. Rep. 350.

On the other ground of complaint, the principles declared by the judges in *Bartemeyer* v. *Iowa*, 18 Wall. 129, fully determine the instant case:

"The right to sell intoxicating liquors, so far as such a right exists, is not one of the rights growing out of citizenship of the United States." Justice MILLER.

"No one has ever doubted that a legislature may prohibit the vending of articles deemed injurious to the safety of society, provided it does not interfere with vested rights of property." Justice BRADLEY.

"I have no doubt of the power of the state to regulate the sale of intoxicating liquors when such regulation does not amount to the destruction of the right of property in them." Justice FIELD.

Then there can be no doubt about the power of the state to authorize the granting of licenses to sell intoxicating liquors, and to determine the

conditions upon which the person to whom, and by what officials, the licenses may be granted. Under a license system, as distinguished from a tax system, there must be some authority to determine upon the fitness of applicants, and as to the compliance with required conditions; and in the matter of selling liquor, there ought to be some authority with power to limit the number, and control the location, of the places where sales shall be authorized. This power needs to be discretionary, but at the same time final and conclusive. In the law attacked, this power is vested in the court of county commissioners, and in counties where no such court exists, in the ordinary of the county. It can only be said to be arbitrary in the sense that it is not reviewable by any other court. It is difficult to see in this any denial to the relator of the equal protection of the laws.

The *Cases of Yick Wo and Wo Lee,* 118 U. S. 356, 6 Sup. Ct. Rep. 1064, are easily distinguished from the case in hand. Yick Wo and Wo Lee were Chinamen, appealing against legislation directed against, and conceded to be in fact and operation a discrimination against, their race, and complaining of arbitrary authority which refused them the right to pursue a harmless and useful occupation; and they had complied with every requisite of the obnoxious law looking to the police regulation of their business. The relator presents no such case.

The judgment of the district court is affirmed.