BURKE v. COLLINS *et al.*, County Commissioners.

1. Under Rev. Pol. Code 1903, § 2839, providing that, if the principal of a liquor license bond is known by the board of county commissioners to be a person whose character and habits would render him or her a person unfit to conduct the business of selling liquor, the board shall refuse to approve the bond, the board have authority to reject a liquor license bond on their own knowledge of the unfitness of the principal to sell liquors, and this without stating of record the facts known to them from which they found such unfitness.

2. Since the business of engaging in the sale of intoxicating liquors is not one of natural right, but may be restrained and limited or entirely denied by the states, except as to transactions constituting interstate commerce, Rev. Pol. Code 1903, § 2839, conferring on boards of county commissioners power to reject the bond of an applicant for a liquor license

known to them to be an unfit person to engage in such business, is not unconstitutional.

3. The fact that a board of county commissioners had acted, and refused to approve the bond of an applicant for a liquor license, did not preclude such applicant from maintaining mandamus to compel the board to approve the bond and issue the license, provided it was the duty of the board to do so.

(Opinion filed June 11, 1904.)

Appeal from circuit court, Hand county; Hon. LORING E. GAFFY, Judge.

Mandamus by Maurice C. Burke against Gilbert W. Collins and others, constituting the board of county commissioners for Hand county, S. D., to compel defendants to issue to plaintiff a license for the sale of intoxicating liquors. From a judgment denying a peremptory writ, plaintiff appeals. Affirmed.

*T. H. Null* and *S. V. Ghrist*, for appellant.

*J. H. Cole*, State's Atty., for respondents.

CORSON, P. J. Upon an affidavit made by the plaintiff, setting forth that he had performed the acts required by the liquor license law, and had tendered to the defendants a bond sufficient in all respects, and that the defendants refused to approve the said bond, and had rejected the same, and praying that a writ of mandamus might be issued, commanding the appellants to approve the said bond, the court issued an alternative writ to the defendants, requiring them to show cause why the said bond should not be approved, and the plaintiff authorized to engage in the business of selling intoxicating liquors. The defendants in their answer and return to the said alternative writ, admitted that the plaintiff presented to the defendants for approval a bond as set out in said affidavit, and that they

rejected the same, and caused to be indorsed upon the back thereof such rejection, as follows: "The within rejected, 6th day of January, 1904. G. W. Collins, chairman of the county commissioners." And they allege that plaintiff, at the time of their action upon said bond, was known to the defendants to be a person whose character and habits rendered him a person unfit to conduct the business of selling intoxicating liquors. After certain preliminary motions, not necessary to be stated, in the view we take of the case, the learned circuit court held that the answer of the defendants presented a complete defense to the action, and entered a judgment denying the peremptory writ of mandamus, and dismissing the alternative writ, from which the plaintiff has appealed.

It is contended by the appellant that the return is insufficient for the reason that it is not supported by the commissioners' records as to the proceedings taken by them rejecting the application, in that the county commissioners, in their records, fail to state any grounds for the rejection of the application. It is further contended by the appellant that the return is insufficient in that it fails to state what facts were known to them which rendered the plaintiff an unfit person to engage in the said business. It is further contended by the appellant that the provision of the Code authorizing the board of county commissioners to reject the application is unconstitutional.

The clause of the Code conferring the power to reject the bond is contained in section 2839 of the Revised Political Code of 1903, and reads as follows: "If the principal of said bond is known by said board to be a person whose character and habits would render him or her a person unfit to conduct the business of selling liquor, they, the said board, shall refuse to en-

dorse said bond with their approval.'' It will be observed that the board of county commissioners are not required to state the reasons for their rejection of the bond in the record of their proceedings, nor are they required to state in what manner it is made known to them that the principal of the bond is an unfit person to engage in the business; hence we are of the opinion that the court was right in holding that the return of the county commissioners was sufficient, and in overruling the motion of the plaintiff requiring the county commissioners to state more definitely and specifically what fact or facts were known to them which rendered the plaintiff an unfit person to engage in the business, providing, of course, that the law is constitutional, permitting the board to reject the bond on the ground of their knowledge of the unfitness of the principal therein to engage in the said business.

It will be observed that, under the provision of the Code, the commissioners are authorized to reject the bond, acting upon their own knowledge of the unfitness of the principal, without the presentation of any evidence or suggestion from any outside party. In other words, the approval or rejection of the bond is left entirely to the sound discretion of the board, acting upon their own knowledge of the fitness or unfitness of the principal, and under their oath of office. The business of engaging in the sale of intoxicating liquors is not one of natural right, but may be restrained and limited, or the right entirely denied, by the lawmaking power of the state. Mugler v. Kansas, 123 U. S. 623, 8 Sup. Ct. 273, 31 L. Ed. 205. In that case the Supreme Court of the United States says. ''That legislation by a state prohibiting the manufacture within her limits of intoxicating liquors, to be there sold or bartered for general

18 S. D.—13

use as a beverage, does not necessarily infringe any right, privilege, or immunity secured by the Constitution of the ·United States, is made clear by the decisions of this court rendered before and since the adoption of the fourteenth amendment, to some of which, in view of the questions to be presently considered, it will be well to refer." And the court quotes with approval largely from License Cases, 5 How. 504, 12 L. Ed. 256.

One, therefore, seeking the privilege of engaging in the business, must comply with all the conditions and regulations the Legislature may prescribe, in order to obtain such privilege; and the Legislature having the right to deny the privilege, may grant it upon such conditions only as it may impose.

In Ex parte Christensen, 85 Cal. 208, 24 Pac. 747, a question quite similar to the one presented to this court was considered and discussed. In the law passed upon in that case it was provided that a party desiring to engage in the business of selling intoxicating liquors must obtain permission of a majority of the board of police commissioners, or, if that could not be obtained, then the approval of twelve property owners in the block in which the business is to be carried on. These provisions were held not to be in violation of the Constitution upon the ground that the license is made to be dependent upon the arbitrary will and pleasure of the commissioners or property owners; and in its opinion the court says: "The objection is that this makes the license depend upon the arbitrary will and pleasure of the board of police commissioners in the first instance, and of the twelve property owners in the second, and the case of Yick Wo v. Hopkins, 118 U. S. 356 (6 Sup. Ct. 1064, 30 L. Ed. 220) and other cases from the federal courts, are cited. But what-

ever force this objection might have in reference to licenses to carry on the ordinary avocations of life, which are not supposed to have any injurious tendency, it has no force in the present case. It is well settled that the governing power may prohibit the manufacture and traffic in liquor altogether, provided only that it does not interfere with interstate commerce. See Mugler v. Kansas, 123 U. S. 623 (8 Sup. Ct. 273, 31 L. Ed. 205). And if the governing power can prohibit a thing altogether, it can impose such conditions upon its existence as it pleases. There is no ground for raising the question of interstate commerce in this case, and therefore, even if it be conceded that the conditions were arbitrary they were within the power of the board." To the same effect is the case of In re Hoover (D. C.) 30 Fed. 51. In that case the learned court says: "Now, if the state may prohibit the sale of liquor altogether, since it is clearly not a 'privilege or an immunity,' in the meaning of the Constitution, may it not authorize the sale on such terms, by such persons, and at such places as it thinks proper? And if it may do this directly, may it not delegate to others the exercise of the power? It has simply delegated a portion of its sovereignty to the county commissioners of Chatham county. The commissioners in the exercise of that sovereignty, refuse a license to the petitioner. The discretion must rest somewhere. The state might have exercised it. It intrusts its discretion to the board of county commissioners, and, as I have said, by the terms of the grant, this discretion is final, and not reviewable. This power is inseparable from the sovereignty of the state. The powers of the courts of the general government have nothing to do with it It is a local regulation. and relates exclusively to the internal police of the state." United States ex rel. Hoover v. Ronan (C. C.) 33 Fed. 117.

We have not overlooked the case of Robinson v. Miner, 68 Mich. 549, 37 N. W. 21, relied on by the appellant, in which the learned Supreme Court of Michigan held that a similar provision in the liquor law of that state was unconstitutional. The reasoning of the court in that case does not meet with our approval.

In our opinion, the provision of the Code conferring upon the board of county commissioners power to reject the bond of a person known to it to be an unfit person to engage in the business violates no constitutional provision, and does not exceed the legislative power.

It was objected by the defendants that the proceeding by mandamus was not a proper one, as the board had acted in the matter; but if as claimed by the plaintiff, he had strictly complied with all the provisions of the law, and it was the duty of the board to approve his bond, and thereby authorize him to engage in the business, the proceeding was a proper one to compel the board to do what the law made it its duty to do.

In the view we have taken of the case, the decision of the board was final, and not subject to review in any proceeding, and hence the court was right in denying the peremptory writ and in dismissing the alternative writ. The judgment of the circuit court is affirmed.