## McCORMICK v. PFEIFFER *et al.*

Rev. Pol. Code, § 2857, gives any person the right to appear before the corporate authorities of a city and object to their granting a permit for the carrying on of the liquor business, and section 2855 provides that the city council may, in their discretion, refuse to receive of any person the license provided for, in the event that he be of immoral character, or they shall deem him unfit to carry on the business. Held, that a city council may determine that a person is unfit to carry on the liquor business from their own personal knowledge, and deny the application without further investigation, and without stating the reasons on which their action is predicated.

(Opinion filed April 4, 1905.)

Appeal from circuit court, Turner county; Hon. E. G. SMITH, Judge.

Mandamus by John McCormick to compel Gust Pfeiffer and others, mayor and council of the city of Parker, to authorize respondent to engage in selling liquors, unless it should appear after due consideration that he was unfit so to do. From a judgment granting a peremptory writ, defendants appeal. Reversed.

*Jones & Jones,* for appellants.

*A. C. Biernatzki* and *E. H. Wilson,* for respondent.

Fuller, J.   This appeal is from a judgment granting a peremptory writ of mandamus to compel the mayor and council of the city of Parker to reassemble and authorize respondent to engage in the business of selling intoxicating liquors at retail, "unless after due consideration it shall appear to said city council that the said John McCormick is unfit to carry on such business." A short time previous to the application for the writ, and upon a showing made in substantial compliance with the statute, appellants refused to permit respondent to engage in the business, and the only question for our consideration is whether a city council may determine, from such personal knowledge as its members possess, that an applicant is unfit to carry on the business of selling intoxicating liquors, and deny the application without further investigation, and without stating the reasons upon which such action is predicated.

While section 2857 of the Revised Political Code gives any person the right to appear before the corporate authorities and object to their granting a permit, section 2855 makes the city council the final arbiter, in clear terms, as follows: "The city council of any city  *  *  *  may in their discretion refuse to receive of any person, firm or corporation the license provided for in the preceding section in the event the person, firm or corporation shall be of immoral character, or they shall deem him or them unfit to carry on the business of selling intoxicating liquors." At the hearing on the application for the writ of mandamus, appellants showed to the court, among

other things in justification, that the application was refused for the reason that they deemed respondent unfit to carry on the business of selling intoxicating liquors. Section 2839 confers a similar power upon the board of county commissioners, and provides that: "If the principal of said bond is known by said board to be a person whose character and habits would render him or her a person unfit to conduct the business of selling liquor, they, the said board shall refuse to endorse said bond with their approval." Construing this provision in Burke v. Collins, 18 S. D. 190, 99 N. W. 1112, it was held that the commissioners may reject the liquor license bond on their own knowledge of the principal's unfitness, and "without the presentation of any evidence or suggestion of any outside party."

There being no substantial difference between that statutory provision and the one now under consideration, our decision there controls this case, and the judgment appealed from is reversed.