## CITY OF CENTERVILLE v. GAYKEN.

Even in section 1 of an ordinance providing that it shall be unlawful for any person to sell, keep for sale, or give away within the corporate limits of the city any spirituous, malt, brewed, fermented, or vinous liquors without first having secured a city license therefor, is invalid, in failing to follow Rev. Pol. Code, § 2854, authorizing any city within which a liquor license has been paid to prohibit the licensee from "engaging in the business of selling intoxicating liquors to be drank in, on, or about the premises where sold" within the corporate limits, till he shall pay to the city such sum as may be fixed by ordinance, not less than $200 nor more than $600, still section 2 of the ordinance providing that the amount

which shall be paid to the city for a license for the sale of intoxicating liquors at retail shall be $600 per annum for each place within the corporate limits of the city where such intoxicating liquors are kept for sale or sold, satisfies every requirement of the statute by prescribing the amount to be paid the city by every person engaging in the retail liquor business.

A city council on its own knowledge may refuse to one having a county license a city license for retailing intoxicating liquors.

(Opinion filed, Oct. 3, 1905.)

Appeal from Circuit Court, Lincoln County.   Hon. E. G. Smith, Judge.

Action by the City of Centerville against George B. Gayken. Demurrer to the complaint was overruled, and defendant appeals. Affirmed.

*Joe Kirby,* for appellant.   *Alan Bogue,* for respondent.

FULLER, P. J.  Ultimate facts sufficient to justify overruling a demurrer to the complaint in this action to abate a liquor nuisance by means of an injunction may be stated as follows: At all times essential to the questions of law presented there was in force in the city of Centerville an ordinance authorizing the granting of a permit to sell intoxicating liquors within corporate limits, as follows:

"Section 1.   It shall be unlawful for any person, firm or corporation to sell, keep for sale or give away within the corporate limits of the city of Centerville any spirituous, malt, brewed, fermented or vinous liquors, or any mixture or compound thereof except proprietary patent medicines, without first having complied with all the requirements of the laws of South Dakota relating thereto and securing a city license therefor.

"Sec. 2.   The amount which shall be paid to the city of Centerville for a license for the sale of intoxicating liquors at retail shall be the sum of six hundred dollars per annum for each and every place within the corporate limits of said city where such intoxicating liquors are kept for sale, or sold, payable semi-annually in advance on or before the first day of June and December of each year."

Appellant, having first procured a license from the county commissioners to engage in the business of selling intoxicating liquors at retail on the ground floor of a two-story building situated upon lot 11, block 16, in the original plat of the city, made his formal ap-

plication to the city authorities for a permit, pursuant to section 2854 of the Revised Political Code, which was unanimously rejected. Notwithstanding such action of the city council, appellant engaged in the business of selling intoxicating liquors to be drank in, upon, and about such premises, and still continues, without a permit, to conduct the traffic at the place designated in a manner that shows the same to be a public nuisance. For a reversal of the order appealed from counsel relies, first, upon the failure of sec. 1 of the ordinance to follow section 2854, supra, with reference to "engaging in the business of selling intoxicating liquors to be drank in, upon or about the premises where sold"; and, secondly, upon the fact that his client had complied with the law by filing a bond and paying the amount required for a county license.

Assuming, without deciding, that section 1 of the ordinance is invalid, in so far as it purports to prohibit the unlicensed sale or giving away of intoxicating liquors within corporate limits, section 2 amply answers every requirement of the statute by prescribing the amount which must be paid to the city by every person engaging in the retail business as defined by the statute and authorized by the county license, which must first be obtained from the county treasurer pursuant to sections 2834, 2835 and 2836 of the Rev. Pol. Code. In Town of Britton v. Guy, 97 N. W. 1045, we said: "It is only to persons having county license that the officers of a town can grant a license to engage in the business, and even then it is a matter left to their discretion." The complaint is clearly sufficient to state a cause of action under section 1546 of the Revised Political Code, which expressly authorizes every incorporated city or town, through its common council or board, to restrain, prohibit, and suppress any person or persons from keeping "houses or places wherein spirituous, vinous and fermented liquors or beer are sold without a license, and tippling houses, are hereby declared to be and shall be deemed to be public or common nuisances."

There is no merit in the contention of counsel for appellant that an injunction will not lie to restrain the holder of a county license from selling intoxicating liquors at retail in an incorporated city or town that has refused to grant a permit, and in the case of

McCormick v. Pfeiffer, 19 S. D. 269, 103, N. W. 31, it was held by this court that the city council is the final arbiter, and may deny an application for a permit upon its own knowledge, without the presentation of any evidence or the eamxination of any witnesses.

The facts stated in the complaint are sufficient to constitute a cause of action, and the order overruling the demurrer is affirmed.