CONO STAVOLO'S APPEAL FROM COUNTY COMMISSIONERS.

Third Judicial District, Bridgeport, October Term, 1908.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

Whether the county commissioners exceeded their powers in granting a liquor license in another case presenting similar facts is not a question for consideration by the Superior Court, if no appeal was taken therefrom.

Chapter 200 of the Public Acts of 1907, amending General Statutes, § 2647, provides that no liquor license, " except the renewal of a license" at the discretion of the commissioners as to the suitability

of person and place, shall be granted in the purely residential and manufacturing parts of a town. *Held* that a " renewal license " was one which granted the same privilege, to the same person, to sell in the same place, as that granted by the license of the previous year; and therefore a license to a different person would not be a renewal.

The question whether a given place is " suitable " for a liquor saloon is one of fact.

Neither the fact that a renewal license had been granted to another person at the same place, nor the fact that such licensee had afterward been permitted, but wrongfully, to remove to a more unsuitable location on the opposite side of the street, renders the former place, as matter of law, a suitable one to receive any license other than one by the way of renewal.

Argued November 12th—decided December 18th, 1908.

APPEAL from a judgment of the Superior Court in Fairfield County, *Ralph Wheeler, J.*, confirming the action of the county commissioners of that county in refusing to grant a liquor license to the appellant. *No error.*

*James E. Walsh* and *William H. Cable*, for the appellant (applicant for license).

*Howard W. Taylor*, for the appellees (county commissioners).

HALL, J. This appeal from the refusal of the county commissioners to grant a license to the appellant, Cono Stavolo, to sell spirituous and intoxicating liquors at No. 60 River Street in the town and city of Danbury, and *Bormann's Appeal, post*, p. 458, were tried together in the Superior Court, although argued separately in this court. Many of the facts stated and views expressed in the latter case are applicable to the decision of this appeal.

In affirming the action of the county commissioners in the present case the Superior Court found these facts:—

The appellant, Cono Stavolo, purchased the premises No. 60 River Street, which were conveyed to him by deed

dated October 26th, 1907, and recorded November 7th, 1907. On the 19th of October, 1907, he applied to the county commissioners for a license, which was refused on the 8th of February without notice to him of a remonstrance which had been filed. He is a suitable person to receive a license, but No. 60 River Street is an unsuitable place for a saloon, although less so than No. 59, on the opposite side of the street. This locality is practically a manufacturing and residential part of the city. More saloons than one in this vicinity would be too many.

For more than ten years previous to January 27th, 1907, one Frank P. Bartley had occupied the premises No. 60 River Street, under a parol lease from month to month, from the owner, and had there conducted a licensed saloon business. After the purchase of the place by Stavolo, Bartley, who knew of it, agreed to vacate the premises on or before November 1st, 1907. He afterward refused to do so, and remained in possession until about the 27th of January, 1908, and until after a judgment in an action of summary process had been rendered against him and in favor of Stavolo, for the possession of said premises. Bartley had previously, on the 9th of September, 1907, applied for a license for No. 60 River Street, which was granted to him by the county commissioners on the 1st of November, 1907. No appeal was taken from the granting of such license, and on the 27th of January, 1908, the county commissioners granted the application of Bartley, made December 26th, 1907, under § 2669 of the General Statutes, for a removal permit from No. 60 to No. 59, the appeal from the granting of which is *Bormann's Appeal, post,* p. 458.

The appellant in the present case claimed in the trial court that since he, Stavolo, was the owner of the fee, he, and not Bartley, should have received from the county commissioners the license for No. 60 River Street; that the fact that a license was granted to Bartley for No. 60 did not prevent the county commissioners from granting a license

to the appellant for No. 60; that the license granted to Bartley for No. 60 was not a renewal license; and that as a matter of law No. 60 was a suitable place to be licensed.

Whether the county commissioners exceeded their powers in granting the license to Bartley for No. 60 on the 1st of November and before Stavolo's deed of No. 60 was recorded, was not a question in the Superior Court, as no appeal was taken from the granting of that license.

The Superior Court sustained the appellant's claim that the granting of the license to Bartley did not, as a matter of law, prevent the granting of a license to the appellant.

The trial court rightly held that the license granted Bartley on November 1st, 1907, was a renewal within the meaning of § 2647 of the General Statutes. It granted the same privilege to the same person to sell in the same place specified in his license of the previous year. *Bormann's Appeal, post,* p. 458. A license granted to Stavolo would not have been such a renewal, since it would have been a license granted to a different person.

Whether or not No. 60 was a suitable place for a saloon was a question of fact. Neither the proper granting by the county commissioners of a renewal license to Bartley for No. 60, which, under § 2647, they might, in their discretion as to suitability of person and place, grant, even in a purely residential or manufacturing part of the town, nor what has been held to have been an improper granting to Bartley by the county commissioners of permission to remove his saloon from No. 60 to the more unsuitable location No. 59, rendered the former place, as a matter of law upon the facts found, a suitable place for which to grant a license which was not a renewal.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.