DELIA GARDELLA *vs.* MICHAEL GREENBURG.

Suffolk. May 17, 1922. — July 5, 1922.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Landlord and Tenant,* Construction of lease. *Contract,* Validity. *Summary Process. Words,* "Renewal."

A lease of land provided that "It is agreed that six months written notice before the termination of this lease shall be given by either of said parties [the lessor and lessee] to the other in event that either of said parties desire a renewal of said lease, and the failure to give said notice shall be regarded as an intention on the part of the parties failing to give the same, that said lease shall not be

renewed." Notice was duly given by the lessee that he exercised "his option to and do hereby renew" the lease. The lessor replied that he did not "care to accept any offer of renewal." Upon summary proceedings by the lessor for possession of the premises at the termination of the lease, it was *held,* that

(1) The covenant was not void for indefiniteness;  ·

(2) The true interpretation of the covenant was that it furnished a timely means of information as to whether the parties were willing to execute another lease on the same terms, but that it did not create an absolute and unqualified right of renewal in either of the parties;

(3) Inasmuch as the covenant so construed did not entitle the defendant to a new lease, his possession was wrongful, and judgment was to be entered for the plaintiff.

SUMMARY PROCESS, under R. L. c. 181, now G. L. c. 239, for the possession of land in Revere. Writ in the Police Court of Chelsea dated March 5, 1920.

In the Superior Court the action was tried before *Sanderson,* J. Material evidence is described in the opinion. At the close of the evidence the judge ordered a verdict for the defendant and reported the action to this court for determination, stating in his report that, if the order directing the verdict was right, judgment was to be entered on the verdict and, if wrong, judgment was to be entered for the plaintiff unless in the opinion of this court there was an issue of fact to be tried, in which event the action was to be sent back for a new trial.

The case was submitted on briefs.

*A. E. Pinanski & R. L. Mapplebeck,* for the plaintiff.

*W. Hirsh,* for the defendant.

JENNEY, J. This case involves the construction of a lease of land with buildings thereon. The lease was given by Delia Gardella, the plaintiff, to Michael Greenburg, the defendant, for the term of ten years from November 1, 1909. The only controversy relates to the following covenant therein:

"It is agreed that six months written notice before the termination of this lease shall be given by either of said parties to the other in event that either of said parties desire[s] a renewal of said lease, and failure to give said notice shall be regarded as an intention on the part of the parties failing to give the same, that said lease shall not be renewed."

The lessee gave notice in which he claimed to exercise an option of renewal. The plaintiff does not contend that the notice given was insufficient if the defendant had a right to a lease for the addi-

tional term.  The plaintiff on May 9, 1919, replied that she did not "care to accept any offer of renewal."

The covenant was not void for indefiniteness.  The word "renewal" imports a new lease on the same terms and for the same length of time as that in which it is contained, but without any covenant for a further extension.  *Cunningham* v. *Pattee,* 99 Mass. 248.  *Leavitt* v. *Maykel,* 203 Mass. 506.

The troublesome question is whether the quoted words create a contractual right in both parties.  They provide for notice in case either desires to renew, and that the failure to give it shall be regarded as manifesting an intention to the contrary.  Instead of declaring plainly and unmistakably that there should be a right to renew (*Cloverdale Co.* v. *Littlefield,* 240 Mass. 129), or such a privilege (*Leavitt* v. *Maykel, supra*), or a privilege and right (*Ferguson* v. *Jackson,* 180 Mass. 557), or the refusal of a definite extension (*Tracy* v. *Albany Exchange Co.* 7 N. Y. 472), the covenant provided for notice in case a desire for a renewal existed on the part of either lessor or lessee.  A desire to have a lease is not equivalent to a right thereto.  Not only is provision made for the manifestation of this wish, but it is declared with equal definiteness that the failure to give notice shall be "regarded as an intention" that the lease shall not be renewed.  The negative intent manifested by failure to give notice is on an equal footing with the desire declared by giving one.  One provision is as strong as the other.  Construing them together, we think that the true interpretation of the covenant is that it furnished a timely means of information whether the parties were willing to execute another lease on the same terms.  There are no words indicating a right in the lessor to bind the lessee beyond the expiration of the term, or to obligate the lessor in like manner.  The covenant did not create an absolute and unqualified right in either.  *Cloverdale Co.* v. *Littlefield, supra.*

The question arises in an action of summary process under G. L. c. 239, originally brought in the Police Court of Chelsea.  A verdict was ordered for the defendant.  The report provides that, if this direction was wrong, judgment is to be entered for the plaintiff unless there was an untried issue of fact, in which event a new trial is to be ordered.

No such issue appears.  The evidence stricken out on motion

of the defendant is immaterial in view of our conclusion. Its admissibility is not considered.

Inasmuch as the covenant construed did not entitle the defendant to a new lease, his possession was wrongful, and judgment is to be entered for the plaintiff.

*So ordered.*