BERTHA MARSH *vs.* ALCOHOLIC BEVERAGE COMMISSION.

DECEMBER 29, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is a petition for *certiorari* brought to review a decision of the Alcoholic Beverage Commission of this state created under the provisions of Chapter 2013 of the Public Laws of 1933.

The petition alleges that the Mayor and Board of Aldermen of the City of Pawtucket, acting under the provisions of said chapter, granted to one Francis P. Fielding a license to keep for sale and sell alcoholic beverages containing no more than 3.2 per centum of alcohol by weight and to deliver the same for consumption on the premises at No. 567 Smithfield avenue in Pawtucket; that the petitioner, a citizen and taxpayer of said city, a resident and owner of buildings within two hundred feet of said licensed premises, filed a written objection to the granting of this license, remonstrated against the same and within thirty days after such granting filed a petition for review with said commission; that after hearings and the introduction of evidence said commission voted to sustain such granting and that in so doing it committed an abuse of discretion for the reason that the evidence justified no inference that the applicant was a suitable person to whom to grant such a license. And the petition prays that the portion of the record of the commission relating to the decision confirming the granting of said license be quashed.

Petitioner's contention, that upon the record Fielding is not a suitable person to whom to grant a license, is based upon the fact that at the hearing it appeared that he had been convicted of certain minor offenses and had admitted having been engaged in the illicit dealing in intoxicating liquors commonly known as "bootlegging."

The respondent commission filed in answer their records relating to said decision, together with a somewhat informal record of the evidence introduced at the proceedings before them which the parties have agreed contains the facts considered by the commission and is therefore a proper record for consideration by this court.

By leave of court Fielding intervened as a party.

The first question for determination is whether this court has jurisdiction to review the decision of said commission. When considering a petition for *certiorari* under a statute practically identical with Chapter 2013 in regard to a remonstrance against granting a license for the sale of liquor, this court, speaking through STINESS, J., in the case of *Dexter* v. *Town Council of Cumberland*, 17 R. I. at 225, said: "When due notice has been given, and the requisite number of landowners do not object to the license, it is then a matter of discretion with the board whether to grant the license or not. Over such a conclusion this court has no control."

An examination of Chapter 2013 fails to disclose any provision referring directly or indirectly to the personal qualifications of an applicant for a license. While an investigation into the character and record of each applicant may·be desirable, it is clearly evident that, by omitting from the statute a requirement for such an investigation, the legislature intended to make the commission sole and final arbiters in this matter. As indicating the legislative intent to give the element of finality to decisions by the commission on questions of fact, it is to be·noted that Section 14 of Chapter 2013 provides: ". . . The decisions of said commission on questions of fact shall be final."

For these reasons we are of the opinion that the decision of the commission in regard to the suitability of an applicant for a license based upon his character and record is final and that this court is without jurisdiction to review such decision.

The writ of *certiorari* heretofore issued is quashed.

RATHBUN, J., dissents from the foregoing opinion.

*McGovern & Slattery, Fred B. Perkins*, for petitioner.
*William G. Troy, William M. Connell*, for respondents.