CHARLES CASALA *vs.* GEORGE F. DIO *et al.*

JUNE 6, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This petition for *certiorari* is directed to the individual members of the town council of the town of Warren, acting in their capacity as a board of license commissioners in accordance with general laws 1938, chapter 164, § 4. It seeks to have quashed the record and action of that board, or so much thereof as may be illegal, in refusing to grant the petitioner's applications, filed under G. L. 1938, chap. 163, for a retailer's class B liquor license. Pursuant to the writ the respondents, hereinafter called the board, have certified to us the record of the proceedings in question.

The petition in substance alleges that the petitioner was the holder of a class B victualer alcoholic beverage license, for the year ending November 30, 1939, for the premises located at 49-55 Water street in the town of Warren; that he filed an application, dated October 21, 1939, for another such license for the year beginning December 1, 1939 and ending November 30, 1940; that this application was duly advertised, in accordance with the provisions of G. L. 1938, chap. 163, § 6, for a public hearing which was held on November 20, 1939; and that at such hearing the board denied the petitioner's application "without legal basis or justification therefor."

The petition further alleges that, as a result of some advice from the town solicitor, an effort to reopen the

matter was made by the filing of a new application for such class B license covering the same premises and period referred to in the first application; that this second application was duly advertised for a public hearing which was held on the 20th day of December, A. D. 1939; that at said hearing "the majority of the owners of land within two hundred (200) feet of the premises at numbers 49-55 Water Street, Warren, Rhode Island, filed their written objections to the issuance of said license"; and that "the said Town Council denied said application and license solely on the basis of said filed objections."

The petition also alleges that the petitioner, as a holder of such class B license continuously since prior to May 2, 1936, was entitled, by virtue of the third paragraph or "saving clause" in G. L. 1938, chap. 163, § 7, to have such license granted, notwithstanding the filing of written protests by the owners of the greater part of the land within 200 feet of said premises; and that the denial of each of said applications was therefore erroneous in law and constituted an abuse of discretion.

The petition further alleges that, in accordance with certain representations of the town solicitor, the petitioner then filed a new application for a retailer's class C liquor license for said premises, which was duly advertised for a hearing that was held on January 17, 1940; that the petitioner then represented to the board that he was relying on his application for a class B license but that, without prejudice to his rights, he was willing to accept a retailer's class C license in lieu thereof; and that his application for a class C license was denied substantially upon the sole basis that, because of the written protests of the owners of the greater part of the land within 200 feet of the premises, it was compulsory under the statute to deny such license. On these grounds the petition prayed that the respondents be directed to certify and bring the record of the

hearings and proceedings before this court and "that said denial of application and license (Class B) and the record thereof, or so much thereof as may be illegal, may be quashed and set aside."

The petitioner argues in substance: First, that he was entitled to a personal hearing before the town council could have denied his first application for a license; and second, that, as a continuous holder of a license from a date prior to May 2, 1936 to December 1, 1939, he was "entitled to have his application granted" notwithstanding the filing of written protests by the owners of the greater part of the land within 200 feet of the premises to be licensed. This second contention rests on the alleged exclusion of the petitioner from the operation of the first paragraph of § 7 by virtue of the third paragraph thereof, or saving clause, so-called. This third paragraph reads: "This section shall not apply to any license holder whose license was issued prior to May 2, 1936. (P. L. 1937, chap. 2522, amending P. L. 1936, chap. 2338, P. L. 1934, chap. 2088, and P. L. 1933, chap. 2013.)"

The petitioner's first contention is without merit. A license issuable under the provisions of this statute is not a property right and, excepting the requirement for advertising as to the date of hearing, the statute provides no requirement for a personal hearing. The denial of such an application for a license is not to be confused with the revocation of a license already lawfully granted, in which case the statute provides for a hearing.

The record of the board's decision on the first application is as follows: "The following petitions are not granted:— Class B. (Victualer) Charles Casala, 49-55 Water St." From this it is obvious that the decision of the board was *not* rested *solely* upon the written protests of the owners of the greater part of the land within 200 feet of the premises, as petitioner contends. No reference to § 7 or

to these protests is made and none could readily be made because there were no such protests filed or considered at the first hearing. In our opinion, the record shows that the board, in refusing to grant the first application, acted solely in the exercise of their general discretion under the statute. In such a case the exercise of that discretion in refusing to grant the license will not be disturbed. *Dexter* v. *Town Council of Cumberland,* 17 R. I. 222.

The second application was advertised for a hearing thereon which was held on December 20, 1939. The record discloses that the owners of the greater part of the land within 200 feet of the premises had filed written protests; that certain other remonstrances were also filed against the granting of this second application, and that other evidence from police authorities was also before the board. At that hearing the petitioner and his attorney were both present and had a full opportunity for hearing. Therefore, the only contention of the petitioner regarding this application rests on the assumption that the decision was made *solely* upon the basis that the board had no power under § 7 to grant the license, because the owners of the greater part of the land within 200 feet of the premises had filed protests.

According to the record, however, the decision of the board on the second application is as follows: "Application of Charles Casala for a Class B Victualer Beverage license at 49-55 Water St. is denied after hearing and consideration of petitions of protests being filed *and hearing of remonstrants.*" (italics ours) The decision thus discloses no particular reference to § 7, and shows clearly that the board heard and considered not only the written protests of owners of land within 200 feet of the premises but also the other remonstrants who were not such owners. The latter clearly were being heard under the exercise of the board's general discretion to grant or deny the application,

which presumes jurisdiction rather than denies it. We think the reasonable interpretation of the action on the second application is that the board did not rest their decision upon their own lack of jurisdiction, because of the written protests of certain landowners within 200 feet of the premises, as the petitioner alleges; but rather that they gave the petitioner the benefit, in effect, of his contention as to the law and then, under their general discretion which was open to them in any event, denied his application upon a consideration of all the evidence before them. Upon this view we need not consider the question whether the third paragraph, or saving clause, of chap. 163, § 7, was intended to exclude such a continuous license holder as the petitioner from the operation of the first paragraph of that section.

The petitioner's third application and the hearing and decision thereon were restricted entirely to an application for a retailer's class *C* license. Since the prayer of the petition seeks to quash only the part of the record relating to the denial of the petitioner's application for a class *B* license, we need not consider the decision of the board refusing to grant the petitioner's third application, that is, for a class C license.

For the reasons stated the relief prayed for by the petitioner is denied, the writ heretofore issued is quashed, and the records and papers of the town council are ordered to be sent back to that body.

*James H. Kiernan, Sidney L. Rabinowitz,* for petitioner.

*Frank F. Pinkos,* Town Solicitor, for respondents.

*Perkins, Higgins and McCabe,* for certain remonstrants.