In the Matter of the Application of OVAL BAR & RESTAURANT, INC., Petitioner, against HENRY E. BRUCKMAN and Others, Constituting the State Liquor Authority of the State of New York, Respondents.

Supreme Court, Albany County, June 5, 1941.

*Cashin & Ewig*, for the petitioner.

*Francis V. McHugh* [*Monroe I. Katcher, 2d*, of counsel], for the respondents.

SCHIRICK, J. An unfortunate situation is presented in that certain individuals had purchased the stock of the licensed corporation, upon approval of the Authority, a short time prior to the rendition of the ruling which is here attacked. This circumstance cannot, however, alter basic principles.

A license to sell liquor " is not property in any legal or constitutional sense; it is simply a temporary permit, issued in the exer-

cise of the police power of the State, to do that which otherwise would be unlawful to do." (*Matter of Yates* v. *Mulrooney*, 245 App. Div. 146.) The permit is issued to the licensee for a definite, limited period of time. (Alcoholic Bev. Control Law, § 67.)

An application for a renewal of a license is a new, distinct application. The Authority may, and indeed is under a duty to, conduct an investigation anew, and may make its inquiry as thorough and searching as that which followed the first application. It is a proceeding *de novo*. (*Matter of Tammaro* v. *Bruckman*, 173 Misc. 958.)

There is no statutory direction as to the form which the investigation of the Authority should take. Section 119 of the Alcoholic Beverage Control Law prescribes a formal hearing in the case of a revocation or cancellation. No such requirement is demanded for the denial of an original application for a license, or for the renewal thereof. The inference is that the Authority may act upon the basis of any knowledge or information available to it, so long as its action is not arbitrary or capricious, but is made in good faith and with a view of advancing the purpose and policy of the law.

Subdivision 1 of section 121 of the Alcoholic Beverage Control Law (as amd. by Laws of 1940, chap. 648) has made this determination reviewable by the court. It has not prescribed the scope of such review, nor has it circumscribed the actions of the Authority.

No hearing was required in this case. Any hearing which may have been given was given solely as a matter of courtesy.

The sole question is whether there was any reasonable basis upon which the Authority could have reached the conclusion which it did. The reports which had been rendered by police officers, of solicitation by prostitutes, sale of liquor to intoxicated persons, and other disorderly acts within the licensed premises, amply justify, if they do not require, the action which has been taken.

The proceeding is dismissed.