**STATE of Texas, Appellant,**

v.

**L. A. LEMASTER, Appellee.**

**No. 15575.**

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 28, 1955.

Jimmy Castledine, County Atty. of Wichita County, Wichita Falls, for appellant.

Ray Martin, Wichita Falls, for appellee.

PER CURIAM.

On December 31, 1954, we entered judgment reversing the judgment of the trial court and remanding the cause for trial. After further study of the case on motion for rehearing, we have come to the conclusion that we were in error in so doing. Therefore, appellee's motion for rehearing is hereby granted, the former opinion is withdrawn, and the following substituted therefor.

The County Judge of Wichita County granted L. A. Lemaster a beer permit. The State appealed to the District Court. The District Court sustained a plea in abatement and dismissed the appeal on the ground the State had no right to appeal to the District Court from an order of the County Judge granting such permit.

Under provisions of Article 667–6, Vernon's Texas P.C., a person desiring to sell beer must file an application with the County Judge. Notice and hearing are provided for by the statute. Paragraph (c) of the above Article provides that if upon the hearing the application is granted, the County Judge shall enter an order so certifying and the applicant shall thereupon present the same to the assessor and collector of taxes in the county wherein the application is made; the assessor and collector of taxes shall thereupon report to the Texas Liquor Control Board, certifying that the application for license has been approved and all required fees paid. Upon the report or certification from the assessor and collector of taxes, it shall be the duty of the Board or Administrator to issue the license, provided that the Board or Administrator may refuse to issue any such license under certain circumstances set out in the statute.

Although paragraph (e) provides for an appeal to the District Court by the applicant in event his application is denied, we find no provision in the Article giving a contestant the right to appeal from the order of the County Judge granting a permit.

It is our opinion, therefore, that the District Court was not in error in sustaining the plea in abatement to the attempted appeal of the State from the order of the County Judge granting appellee a permit to sell beer.

Judgment of the trial court is affirmed.