R. L. WHITESIDES, *Petitioner and Appellant*

v.

COUNCIL OF CITY OF CHEYENNE, WYOMING; V. S. Christensen, Mayor; A. W. (Art) Trout, Sr., Commissioner, and Worth Story, Commissioner, *Respondents and Appellees.*

(No. 2800; December 17, 1957; 319 Pac. (2d) 520.)

82

For the petitioner and appellant the cause was submitted upon the brief of Ellery, Gray and Hickey of Cheyenne, Wyoming, and oral argument by Mr. J. J. Hickey.

For the respondents and appellees the cause was submitted upon the brief of Bard Ferrall and Phillip White both of Cheyenne, Wyoming, and oral argument by Mr. Ferrall.

Before BLUME, C. J., and HARNSBERGER and PARKER, JJ.

84

## OPINION

Mr. Chief Justice BLUME delivered the opinion of the court.

It appears herein that R. L. Whitesides for a number of years had a liquor license for the Frontier Hotel at Cheyenne, Wyoming. On February 15, 1957, he applied for a liquor license in the ordinary form but marked it "Retail Liquor License and renewal thereof at new location", and made application that the new liquor license be granted for 2015 East Lincoln Highway, Lot 3, Block 6, in the Lake Minnehaha Addition to the City of Cheyenne, Wyoming. He also at the same time presented an agreement with Ernest P. Edgar and wife granting Whitesides an option to use the premises for the full time of the license. Notice of the application was advertised as provided by § 53-205, W.C.S. 1945, and, according to the advertisement, the hearing on the application was held in the council chamber of the City of Cheyenne on March 18, 1957.

There is before us in the record the certificate by the city clerk showing what took place at the hearing above-mentioned. That certificate is in part as follows:

"* * * Mayor Christensen addressed the large group present relative to the issuance of Liquor License applications presented by Mr. R. L. Whitesides, 2015

East Lincoln Highway and Cheyenne Taverns Company, Inc., 1903 Central Avenue. Many protests and objections were voiced by several interested persons present, against the issuance of any additional Liquor Licenses; Rev. Frank W. Garber, Pastor of the Cheyenne Brethern Church; Rev. Clinton A. Rock, Jr., Pastor of the Grace Church of the Nazarene, presented petition with some 250 signatures opposing issuance of Liquor License for 2015 East Lincoln Highway; Rev. J. S. Stevenson, Pastor Grace Methodist Church; Mrs. M. J. Woods, 601 East 9th Street, Mrs. Mary Bartlett, 1814 Central Avenue and Mr. E. W. Kees, 522 West 25th Street.

"Mr. J. J. Hickey, Attorney representing Mr. R. L. Whitesides, addressed the Council in behalf of Liquor License application for Mr. Whitesides at 2015 East Lincoln Highway and presented waiver of objections from residents in that vicinity.

"Mayor Christensen again addressed those present briefly. There being no protests entered at said hearing, or at all, against the renewal of any of the other Liquor Licenses, it was moved by Mayor Christensen and seconded by Commissioner Story that each and every application be approved, with the exception of Mr. R. L. Whitesides, 2015 East Lincoln Highway and Cheyenne Taverns Company, Inc., for 1903 Central Avenue, which were unanimously denied by the Council; * * *"

We also have before us a certificate by Shirley A. Johnson, shorthand reporter, as to part of the proceedings, which shows that an address was made by the mayor stating that he was in favor of liquor licenses being issued to anyone who would pay $1500 for the license. It also appears that Mayor Christensen stated as follows:

"We are willing to listen to any complaints, so if anyone wants to speak, we are certainly willing to listen to them. If there isn't any further discussion, I'd

like to make a motion that these licenses be approved with the exception of R. L. Whitesides, and that, I believe, should be a transfer. We are not in favor of transferring that license at this time."

There is further attached to the record before us a statement on the part of some seven persons or firms stating that they waive any objection to the issuance of a license to R. L. Whitesides at 2015 East Lincoln Highway. The objections by some 250 citizens is also attached to the record, stating in substance as follows: "As we feel that the plea of Mr. R. L. Whitesides of the Frontier Hotel for a transfer of liquor license to 2015 E. Lincolnway will be a detreminite (sic) to our community. We the undersigned are strenuously opposed to such action."

After the denial of the liquor license by the city council of Cheyenne, an appeal was taken by R. L. Whitesides to the District Court of Laramie County, Wyoming. When the matter came up for hearing before the Honorable G. A. Layman, the judge presiding, a motion was made on behalf of the council to dismiss the appeal. That motion was granted and an appeal has been taken to this court.

R. L. Whitesides will hereafter be designated as the applicant or appellant herein.

Counsel for the applicant states in his brief that the questions presented in this case are as follows:

"1. Is there a right of appeal to the District Court where the renewal is denied because it is coupled with an application for a new location?

"2. Did the governing body act arbitrarily, capriciously and without adequate determining principle in denying the application of appellant for renewal of his license at a new location?

"3. Was the meeting and proceeding had by the governing body sufficient to satisfy due process guaranteed to appellant by the Constitution?"

I. We shall consider the third contention first; namely, as to whether or not the proceeding of the governing body was sufficient to satisfy due process guaranteed by the Constitution. We think the authorities are clear that he was not deprived of any constitutional right. If he were, the provision of our statute that the right to a license to sell intoxicating liquor is a mere personal privilege would hardly be valid. Long ago the Supreme Court of the United States in Crowley v. Christensen, 137 U.S. 86, 91, 11 S.Ct. 13, 15, 16, 34 L.Ed. 620, 624, stated:

'* * * There is no inherent right in a citizen to sell intoxicating liquors by retail. It is not a privilege of a citizen of the state or of a citizen of the United States. As it is a business attended with danger to the community, it may, as already said, be entirely prohibited, or be permitted under such conditions as will limit to the utmost its evils. The manner and extent of regulation rest in the discretion of the governing authority. That authority may vest in such officers as it may deem proper the power of passing upon applications for permission to carry it on, and to issue licenses for that purpose. It is a matter of legislative will only. As in many other cases, the officers may not always exercise the power conferred upon them with wisdom or justice to the parties affected. But that is a matter which does not affect the authority of the state, or one which can be brought under the cognizance of the courts of the United States."

The court said in State ex rel. Billado v. Wheelock, 114 Vt. 350, 45 A.2d 430, 432:

"Because of the tendency of the use of intoxicating liquor to deprave public morals, it has come to be the

generally accepted doctrine that the manufacture or sale of such liquors, and even their possession or use, is not a matter of 'common', 'inherent', or 'natural' right, but, if a right at all, is one held subject to the police power of the State; in other words, it is a mere privilege which the State may grant to some and deny to others, or may take away altogether.* * *"

In Cusano v. Dunn, 137 Conn. 20, 74 A.2d 477, 479, the court stated:

"A permit to sell intoxicating liquors is a purely personal privilege revocable at the discretion of the commission, does not constitute property, and is not transferable. * * *"

See further 30 Am.Jur., Intoxicating Liquors, §§ 19, 20, pp. 262, 263. From this it is clear that the due process clause of the Constitution is not involved, at least when a license for intoxicating liquor is not sought to be revoked. Whatever rights the appellant has depends on our statute. A violation of our statute and that alone can give rise to a complaint on the part of the appellant.

II. When we are dealing with the question involving purely and merely the question of renewal (and not with that of a transfer), the action of the council claimed to be arbitrary and capricious is not of primary importance in view of the fact, as noted below, that its action could then be corrected by the court in a trial de novo; so that we should first consider the nature of the rights of the applicant under the statute and whether or not he is entitled to a trial de novo. That, in the main, must be determined by the provisions of § 53-205, W.C.S. 1945. Omitting unnecessary details, it provides:

"* * * Upon the expiration of any licensee (license) the owner and holder thereof shall have a preference right to a new license *for the same location,* if such license may be granted under this Act * * *. No applicant for license shall have a right of appeal from the decision of a governing body denying an application, except applicants holding a license which is expiring, and applying for a renewal. * * *

"Any such applicant owning and holding a license which is expiring * * * and whose application for a new license has been denied by such governing body, may have an appeal from such decision to the District Court * * *.

"* * * and upon said appeal being perfected, said proceeding shall stand to be heard, and for trial de novo, by said court. * * *" (Emphasis supplied)

Unlike the provisions in many other states, the legislature in this state has seen fit not to grant the right of appeal in all cases. Such right is distinctly limited. It is not given when an applicant wants an original license and which is denied. It is limited to those applying for a renewal. The next sentence providing that "any such applicant" shall have the right of appeal if a license is refused, also clearly refers to the right of renewal. Nor is the contrary contended. Counsel for applicant contends, if we understand him correctly, that the right of renewal granted by statute means a new license without reference to its terms, that is to say, even though a location different from that mentioned in the license sought to be renewed is asked for, the change of location makes no difference whatever. Of course that cannot be true, particularly in view of the importance attached by various provisions of our statutes to the place for dispensing liquor. We cannot follow counsel's reasoning. When oxygen is combined with hydrogen, the former loses its identity. An entirely different element arises. So

when the demand for a new license which it limited to a certain place is combined with a demand for a change of location, an entirely new situation comes into existence. The statute gives a right of preference to a renewal. But aside from the fact that it is given only *at the same place,* what does the term "renewal" mean? Evidently counsel for the applicant has given no consideration to that point.

In Appeal of Stavolo, 81 Conn. 454, 71 A. 549, it is said that when the statute gives a preference right for one holding an old license, a renewal granting the same privilege to the same person to sell intoxicating liquor in the same place is a renewal. In Springfield Fire & Marine Ins. Co. v. Hubbs-Johnson Motor Co., Tex., Com. App., 42 S.W.2d 248, 252, it is said that the term "renewal" implies that a new policy should be exactly like the old policy. In Grace & Co. v. Strickland, 188 N.C. 369,124 S.E. 856, 857, 35 A.L.R. 1296, it was held that the term "renewal" as applied to negotiable instruments means a new note on the same terms and conditions as the old. To the same effect is Gardella v. Greenburg, 242 Mass. 405, 136 N.E. 106, 26 A.L.R. 1411. Other additional authorities could be cited. See 36 Words and Phrases, Perm. Ed., Renewal, pp. 886-895. When, accordingly, the statute speaks of the renewal of a license, it speaks of one which contains the same terms and conditions of the old license, namely, one which permits the sale of intoxicating liquor at the same place as permitted in the old license. It is the denial of that kind of license from which an appeal may be taken to the district court and not from the denial of another kind. So we must answer the first proposition of counsel for appellant in the negative. In MacArthur v. Martelli, 127 Colo. 308, 255 P.2d 969, 970, the court said:

"* * * It is urged in behalf of Martelli that the holder of a license is entitled to more favorable consideration than an applicant for a new license and that the same is true of an applicant for change of location. We cannot so adjudge. * * *"

That is rather apropos in the case here involved. There has been no forfeiture of any right of the applicant as his counsel contends. The trouble is that the applicant claimed a greater right than the statutes gave him.

We think that what we have said is corroborated by the provisions of § 53-208, W.C.S. 1945, as amended by the legislature by Chapter 228, S.L. of Wyoming, 1955. That section, omitting all unnecessary provisions, is as follows:

"A license shall be a personal privilege, good for one year unless sooner revoked * * *, and *provided further, that upon approval of the licensing authority,* the *license may be renewed on different premises* on the same basis as an original application * * * and provided further that the owner of such license * * *, by an actual bona fide sale to be made in good faith, may * * * assign and transfer such license and the assignee or transferee thereof, subject to the condition and approval hereinafter stated, may exercise the privilege of continuing the business authorized by such license * * * *upon the express condition,* however, that such assignee or transferee shall first make and file a sworn application showing the qualifications of such person * * * and *all subject to the approval of the governing body authorized to grant such retail liquor license first had and obtained;* provided, however, that said governing body shall notify in writing the Wyoming Liquor Commission at least ten (10) days prior to approval of such transfer or sale.

"Except as above provided, no license shall be transferred or sold, nor shall it be used for any place not described in the license * * *. Upon the expiration of

any license, the owner thereof shall have a preference right to a new license if such license may be granted under this Act." (Emphasis supplied.)

This section is the only section which deals with a transfer of a license to a different location. It mentions no appeal from a decision of the council which is either in favor of or against such transfer.

The last sentence of this section provides for the right of renewal. But that provision must be construed in pari materia with the provisions of § 53-205, supra. That section has not been modified in any way. Furthermore, the renewal may be granted only "if such license may be granted under this Act". Clearly under this section, the renewal could not be granted for a different location unless that has been approved by the council, and no such approval has been given in this case.

We should here mention the fact that what we have said above relates to an appeal involving a preference right given under the statutes. As to whether or not an appeal might lie for arbitrariness and capriciousness of the council will be discussed hereafter.

III. In view of what we have said, we should either consider the application of the appellant as an original application for a license, in which case a hearing is provided, but an appeal expressly forbidden under § 53-205, supra, or treat the application as a transfer of an existing license under § 53-208, as amended, in which case there is no appeal provided and no provision for even a hearing; and according to many authorities, no hearing is necessary. It is said in State ex rel. Billado v. Wheelock, 114 Vt. 350, 45 A.2d 430, 432:

"Notice and hearing is necessary only when some constitutional right is claimed to be invaded. When the purpose of an administrative determination is to decide whether a privilege which an applicant does not possess, such as a license to sell intoxicating liquor, shall be granted to him or withheld in the exercise of a discretion vested by statute, notice and hearing is not necessary in the absence of an express or implied statutory provision therefor. 42 Am.Jur., Public Administrative Law, § 135; City of Centerville v. Gayken, 20 S.D. 82, 104 N.W. 910; McCormick v. Pfeiffer, 19 S.D. 269, 103 N.W. 31; Burke v. Collins, 18 S.D. 190, 99 N.W. 1112; Casala v. Dio, 65 R.I. 96, 13 A.2d 693; Darby v. Pence, 17 Idaho 697, 107 P. 484, 27 L.R.A.,N.S., 1194 ;Orval Bar & Restaurant, Inc., v. Bruckman, 177 Misc. 244, 30 N.Y.S.2d 394; Usdane v. Bruckman, Sup. 30 N.Y.S.2d 396. It may be that there would be less danger of arbitrary action if a hearing were made a prerequisite, but that is a matter for legislative consideration, and not for us. The mere refusal to grant an applicant for a license to sell intoxicating liquors a hearing, when the statute does not require one, does not make the denial of the application arbitrary or capricious. * * *"

To the same effect is State ex rel..Camper v. Pollard, 189 Tenn. 86 222 S.W.2d 374. But see 48 C.J.S., Intoxicating Liquors, § 151, p. 251, n. 22.

In this case we should probably consider the application of the applicant as an original application for a license. There are many cases holding that where the statute provides for no appeal to the courts, or forbids it, as our state does except to a limited extent, the action of the governing board is final. Scott v. Township Board of Arcada Tp., 268 Mich. 170, 255 N.W. 752; State ex rel. Renner v. Noel, 346 Mo. 286, 140 S.W.2d 57; Marsh v. Alcoholic Beverage Commission, 54 R.I. 57, 169 A. 747; Duncan v. Superior Court of Pinal County, 65 Ariz. 193, 177 P.2d 374; Minkoff v. Payne, 93 U.S. App. D.C. 123, 210 F.2d 689; Ap-

peal of Zeltner, 174 Pa.Super,Ct. 98, 100 A.2d 132, Jones v. Kellog, Tex. Civ. App., 140 S.W.2d 592; State of Texas v. Lemaster, Tex. Civ. App., 275 S.W.2d 164; Ziebell v. Hall, Tex. Civ. App., 220 S.W.2d 899. That is held to be true even when the governing board acts arbitrarily and capriciously. Hanson v. Village Council of Romeo, 339 Mich. 612, 613, 64 N.W.2d 570. See also 48 C.J.S., Intoxicating Liquors, § 163, p .266. An appeal is a statutory right. Duncan v. Superior Court, supra; 2 Am.Jur., Appeal and Error, § 6, p. 847.

The holding in these cases can hardly be said to be surprising in view of the fact that a liquor license is merely a privilege.

In some of the states, a general right of a review by the courts is given in liquor cases instead of a limited one as in this state. If, however, an administrative bureau or governing board is arbitrary and capricious, a remedy is often given. See general discussion in 42 Am.Jur., Public Administrative Law, § 224, p. 662, and subsequent sections; and see Federico v. Bratten, 181 Md. 507, 30 A.2d 776. In some of the states certiorari is available. 48 C.J.S., Intoxicating Liquors, § 164, p. 269; 42 Am.Jur., Public Administrative Law, § 229, p. 666. Without deciding as to whether or not any recourse to the courts may be had in this state in a case like that before us because of the claim that the action of the governing board was arbitrary and capricious, we prefer to consider as to whether or not such arbitrariness and capriciousness appears herein. If it does, it must in any event appear from the record of the governing board in order that the district court can pass upon the matter. It could not, we think, in the first instance, be determined by the court, by evidence taken before it, at least in this case in which there was no pleading before the court to permit it to

do so. 42 Am.Jur., Public Administrative Law, § 224, p. 662.

A hearing in this case was had with all the members of the council present. A protest of some 250 citizens against the issuance of the license to appellant was on file, and some five individuals were present at the meeting and protested. Mr. Hickey, counsel for appellant, presented a petition waiving any objections against the issuance of the license, and made an address to the council. The mayor stated that the council was willing to listen to any complaints. So far at least, there can hardly be any claim as to arbitrariness or capriciousness. Thereupon the mayor stated that the council was not in favor of the license for Whitesides at that time, and that statement was approved by the whole council. Of course, the council was required to decide either in favor of, or against, Whitesides, and that the decision was against him does not itself show that it was arbitrary or capricious. The council did not give any reason. The statute does not require that it should do so. The trial courts of this state are not required to give any reason for their decisions unless a demand for findings of fact and conclusions of law is made. When the Supreme Court of the United States denies certiorari, it does not give any reason. So the action of the council in the matter before us cannot be construed as arbitrary or capricious merely because no reasons for its action were given. 48 C.J.S., Intoxicating Liquors, § 157, p. 259, n. 14.

We may go further. Section 53-208 of our statutes, as amended by Chapter 228, S.L. of Wyoming, 1955, gives power to the council to permit a transfer of a license to some other place than that specified therein. Assuming that its decision must not be arbitrary and

capricious, a wide discretion is vested in it. MacArthus v. Martelli, 127 Colo. 308, 255 P.2d 969; MacArthur v. Presto, 122 Colo. 202, 221 P.2d 934, and cases cited; State ex rel. Billado v. Wheelock, 114 Vt. 350, 45 A.2d 430; Cusano v. Dunn, 137 Conn. 20, 74 A.2d 477.

"Where a licensing authority refuses applicant a license, the presumption is that it found facts sufficient to support its conclusions; and in the absence of a showing as to the reason for denial, its action will be presumed to have been intended for the public benefit. * * *" 48 C.J.S., Intoxicating Liquors, § 156, p. 256.

The burden of proof to show the refusal to be arbitrary or capricious is on the applicant. Halpern v. Andrews, D.C.Pa., 21 F.2d 969. In Application of Haim, 195 Misc. 612, 88 N.Y.S.2d 840, 842, the court stated:

"It is settled by abundant authority that, in the absence of clear and convincing proof that an administrative body or public official has acted arbitrarily, unreasonably or capriciously, their action and determination will be sustained. Citation of authority is unnecessary; the rule has become elementary."

It would seem to follow that unless the record affirmatively shows that the council abused its discretion, its action must be upheld. We do not think that this appears.

In fact, we think that it appears affirmatively that the council did not act arbitrarily or capriciously. Section 53-205, supra, provides:

"* * * Nor shall a license under this Act be issued and granted if the said Governing Body to which the application is made shall find from evidence at said

hearing that the welfare of the people residing in the vicinity of the place for which such license is desired will be adversely and seriously affected or that the purpose of this act will not be carried out by the issuance of such license. * * *"

The council had before it a protest of some 250 citizens and the protest of five persons who appeared before the council in person. Protests are recognized by the statute. The statute does not provide that they must be under oath. It seems to recognize that an informal hearing is all that is required. See 48 C.J.S., Intoxicating Liquors, § 154, p. 254, n. 44. In fact, nothing to the contrary is contended herein. So we must presume that the council acted upon the protests and found that the welfare of the people in the vicinity was adversely and seriously affected and that the purpose of the statute would not be carried out by the issuance of the license. There is no room for the claim that the council acted arbitrarily or capriciously in the face of the protest of 250 citizens.

The judgment of the trial court is affirmed.

Affirmed.