**Glen H. BURNS, Sr., Appellant (Petitioner),**

v.

**STATE of Wyoming, ex rel., Wyoming Workers' Compensation Division, Appellee (Respondent).**

No. 99–160.

Supreme Court of Wyoming.

April 28, 2000.

Representing Appellant: Bernard Q. Phelan of Phelan–Watson Law Office, Cheyenne, WY.

Representing Appellee: Gay Woodhouse, Attorney General, and Gerald W. Laska, Senior Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

LEHMAN, Chief Justice.

Glen H. Burns (Burns) appeals a denial of workers' compensation benefits. Finding that the Hearing Examiner's decision was neither arbitrary, capricious, nor otherwise not in accordance with the law, we affirm.

### ISSUES

Burns presents this issue for our review:

Was the decision of the Office of Administrative Hearings, (OAH), supported by substantial evidence or was it arbitrary, capricious or otherwise not supported by law?

The Workers' Safety and Compensation Division (Division) states the issues as:

The Hearing Examiner denied benefits for the Employee's 1997 blood clot because it was unrelated to his 1987 slip and fall injury.

I. Is the Hearing Officer's Order Denying Benefits supported by substantial evidence and within his discretion?

II. Is the Hearing Examiner's Order Denying Benefits in accordance with Wyoming law?

### FACTS

In December 1987, while employed by New Orbit Drilling Company, Burns was involved in a work-related accident and suffered injuries to his neck, right shoulder, and left knee. Burns received extensive treatment for a neck injury, and the Division awarded him a 20 percent permanent disability rating. In December 1997, ten years after his accident, Burns reported to his physician that his left leg was cold, numb, and pale. That physician referred Burns to a specialist, who diagnosed a circulatory impairment in the leg. Burns underwent treatment on the leg, which he sought to have covered by the Division as a result of his 1987 accident. The Division denied his claims as unrelated to the accident.

Burns challenged the denials, and a Hearing Examiner heard the matter. At the hearing, Burns presented the deposition of his treating physician, who opined that the current condition was causally related to the knee injury in 1987. The Division presented the written opinions of three reviewing physicians who stated that there was no relationship, and attributed Burns' circulatory problem to other factors including diffuse atherosclerosis disease and a long history of smoking. The Hearing Examiner issued an Order Denying Benefits, which included a finding of fact that Burns' circulatory condition did not result from his 1987 accident and a conclusion of law that Burns failed to meet his burden of proving causation. Burns appealed the denial to the district court, which affirmed, finding "the hearing examiner's decision is neither arbitrary nor capricious, and is supported by substantial evidence." Burns filed a timely appeal to this court.

### STANDARD OF REVIEW

■ Our standard of review in workers' compensation cases is well established:

A claimant for worker's compensation benefits has the burden of proving all the essential elements of the claim by a preponderance of the evidence in the contested case hearing. *Martinez v. State ex rel. Wyoming Workers' Compensation Div.*, 917 P.2d 619, 621 (Wyo.1996). When an agency decides that the party charged with

the burden of proof has failed to meet that burden, the case is reviewed under the "[a]rbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law" language of WYO. STAT. § 16–3–114(c)(ii) (1990). *City of Casper v. Utech,* 895 P.2d 449, 452 (Wyo.1995). On appeal the complainant ... has the burden of proving arbitrary administrative action. *Knight v. Environmental Quality Council of State of Wyo.,* 805 P.2d 268 (Wyo.1991); *Wyoming Bancorporation v. Bonham,* 527 P.2d 432, 439 (Wyo.1974); *Marathon Oil Co. v. Welch,* 379 P.2d 832, 836 (Wyo., 1963); *Whitesides v. Council of City of Cheyenne,* 78 Wyo. 80, 319 P.2d 520, 526 (1957). The agency, as the trier of fact, is charged with weighing the evidence and determining the credibility of witnesses. *Utech,* 895 P.2d at 451, and cases there cited. The deference normally accorded to the findings of fact by a trial court is extended to the administrative agency, and the agency's decision as to the facts will not be overturned unless it is clearly contrary to the overwhelming weigh of the evidence. *Wyoming Steel & Fab, Inc. v. Robles,* 882 P.2d 873, 875 (Wyo.1994).

*Pederson v. State ex rel. Workers' Compensation Div.,* 939 P.2d 740, 742 (Wyo.1997). Following this guidance, we will not disturb the Hearing Examiner's decision unless Burns can show that it was arbitrary or capricious, or can show that the findings of fact were contrary to the overwhelming weight of the evidence. We will not find an agency's action to be arbitrary or capricious if it is "based on a consideration of relevant factors and is rational." *Mortgage Guaranty Ins. Corp. v. Langdon,* 634 P.2d 509, 520 (Wyo.1981).

### DISCUSSION

■ Burns contends that the Hearing Examiner discounted the testimony of his physician and gave too much weight to the statements of the three reviewing physicians. The Division responds that weighing the evidence is within the Hearing Examiner's discretion, and the Examiner reached a reasonable conclusion given the evidence presented.

In his deposition, Burns' physician testified that he believed Burn's circulatory problem resulted from his 1987 work accident. He further testified that he had little information about that accident and that his opinion would be more conclusive if he had Burns' complete medical records from that accident. The physician conceded that his diagnosis was speculative and said: "[i]t would be an even firmer opinion if I were able to review his records, possibly his X rays or studies from 1987. That would help immensely, too, being a more firm opinion."

The Division presented the opinions of three reviewing physicians, pursuant to Wyo. Stat. Ann. § 27–14–801(d) (Lexis 1999).[1] Those opinions were admitted at the hearing without objection. Although the reviewing physicians did not personally examine or treat Burns, we cannot say that the Hearing Examiner erred in crediting their definitive opinions over the treating physician's equivocal testimony.

We hold that the Hearing Examiner could have reasonably concluded that Burns failed to prove that his condition resulted from the 1987 accident. That decision, therefore, was not arbitrary, capricious, or otherwise not in accordance with the law.

Affirmed.

---

1. Wyo. Stat. Ann. § 27–14–801(d) (Lexis 1999) reads in relevant part:

   The director may provide for the investigation of facts and circumstances regarding any claim filed under this act. To carry out investigations, he may acquire the services of one (1) or more physicians licensed to practice medicine in this state to serve as medical consultants[.]