In the Matter of the Petition of ROBERT HERING, Appellant, for a Writ of Certiorari against MAYNARD N. CLEMENT, as State Commissioner of Excise, et al., Respondents.

**Liquor Tax Law — applicant for license must show that there is no church within 200 feet of his premises.**

A liquor dealer, on his application for a renewal of his certificate, must show that there is no building occupied exclusively as a church within 200 feet of his premises. The fact that a church has been located within the prohibited distance during the term of his certificate does not relieve him from complying with the requirement of the statute. *Matter of Hering*, 133 App. Div. 293, affirmed.

(Argued October 6, 1909; decided October 26, 1909.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 18, 1909, which affirmed an order of Special Term denying an application for a writ of certiorari to review the action of the special deputy commissioner of excise for the borough of Brooklyn in refusing to issue a liquor tax certificate,

On September 30th, 1908, Robert Hering, residing at No. 217 Sumpter street, in the borough of Brooklyn, presented to the acting special deputy commissioner of excise for that borough an application for a liquor tax certificate to carry on business at his residence aforesaid for one year from October 1, 1908, to September 30, 1909. He had continuously occupied the premises since April, 1902, and lawfully carried on the liquor traffic therein under successive certificates duly granted from year to year, the last of which expired on September 30, 1908. In April, 1907, after this last certificate was granted, a religious corporation erected a building within two hundred feet of the appellant's premises and since December 1, 1907, this building had been continuously and exclusively occupied as a church. The appellant's application for a liquor tax certificate on September 30, 1908, was refused because of the proximity of this church building. A writ of certiorari was sued out to review the refusal and the order of the Special Term sustaining the action of the special deputy commissioner of excise has been affirmed by the Appellate Division.

*D-Cady Herrick* for appellant. The provisions of subdivision 2 of section 24 of the Excise Law were not intended to apply to a place used for trafficking in liquor prior to the erection or establishment of a church or schoolhouse within 200 feet thereof. (*Riggs* v. *Palmer*, 115 N. Y. 506; *People ex rel.* v. *Comr. of Taxes*, 95 N. Y. 554; *People ex rel. Cairns* v. *Murray*, 148 N. Y. 171; *Matter of Place*, 27 App. Div. 561; 156 N. Y. 691; *Matter of Townsend*, 195 N. Y. 214.)

*Herbert H. Kellogg* and *Albert O. Briggs* for respondents. At the time of making the application for the liquor tax certificate in question by the petitioner, traffic in liquor was prohibited at said premises, No. 217 Sumpter street, under the provisions of the Liquor Tax Law. (Cons. Laws, ch. 34, § 23; *Matter of Clement* v *Van Etten*, 57 Misc. Rep. 47;

*People ex rel. Cairns* v. *Murray,* 148 N. Y. 172 ; *Bertholf* *O'Reilly,* 74 N. Y. 509 ; *Wynhamer* v. *People,* 13 N. Y. 378 ; *People ex rel. Bassett* v. *Warden,* 17 Misc. Rep. 1 ; 6 App. Div. 520 ; *Matter of Clement v. Brady,* 54 Misc. Rep. 352 ; *Kresser* v. *Lyman,* 74 Fed. Rep. 765 ; *Crowley* v. *Christensen,* 137 U. S. 91 ; *B. Co.* v. *Massachusetts,* 97 U. S. 25 ; *People ex rel. Bernard* v. *McKee,* 59 Misc. Rep. 369.)

*Per Curiam.* Section 24 of the Liquor Tax Law, which prescribes the places in which traffic in liquor shall not be permitted, forbids such traffic in a place within two hundred feet of a building occupied exclusively as a church. The statute which was originally enacted in 1896 provided, however, that this prohibition should not apply to a place which on the 23rd day of March in that year was lawfully occupied for a hotel nor to a place in which the liquor traffic was lawfully carried on at that date. No exception was made in behalf of a dealer in liquors who might lawfully establish and carry on his business in a given locality continuously for many successive years, but who might find that upon the expiration of his liquor tax certificate a building occupied exclusively as a church had been located within two hundred feet of his premises. In such a case, of course, he would be unable to show upon his application for a new certificate as required by the Liquor Tax Law that there was no building occupied exclusively as a church within two hundred feet of his premises, and his inability to do this requires the excise commissioner in such a case under the construction of the statute adopted by the courts below to refuse to issue a certificate.

We see no escape from the logic of the reasoning by which this result was reached at the Special Term and in the Appellate Division. That the operation of the statute in cases like the one now before us is manifestly harsh would doubtless be a cogent argument to support the proposition that the legislature could not have intended such effect, and might be conclusive were the language of the statute at all ambiguous ; but

in view of the clear phraseology of the law the contention is inadmissible and the courts must remit those aggrieved thereby to relief by legislative action.

The order should be affirmed, with costs.

CULLEN, Ch. J., EDWARD T. BARTLETT, VANN, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur; HAIGHT, J., not voting.

Order affirmed.