In the Matter of MARCHI'S RESTAURANT, INC., Respondent, *v.* DONALD S. HOSTETTER et al., Constituting the State Liquor Authority of the State of New York, Appellants.

First Department, May 19, 1964.

*Hyman Mark* of counsel (*Hyman Amsel,* attorney), for appellants.

*Israel F. Vogel* for respondent.

McNALLY, J.   Appeal by leave of Special Term from an order denying respondents-appellants' motion to dismiss the petition for insufficiency.   In this article 78 proceeding petitioner seeks a review of the determination of the appellants constituting the State Liquor Authority disapproving petitioner's application for a restaurant liquor license.

Petitioner owns and operates a restaurant at 247–251 East 31st Street, Borough of Manhattan.   The restaurant has been maintained by petitioner prior to and since December 5, 1933. In or about 1946 an eating place beer license was issued to petitioner, which is renewed annually until 1949, when it applied for and was issued a retail wine and beer license which has been since renewed annually.

Petitioner applied for a restaurant liquor license to dispense alcoholic beverages for on-premises consumption for the license period expiring February 28, 1964.   On June 3, 1963 petitioner's said application was disapproved because its restaurant is within 200 feet of a church.   The disapproval was under constraint of subdivision 7 of section 64 of the Alcoholic Beverage Control Law which as amended in 1957 provides: '' no *renewal* license shall be denied because of such restriction to any premises so located which were maintained as a bona fide hotel, restaurant, catering establishment or club on or prior to December fifth, nineteen hundred thirty-three; and, except that no license shall be denied to any premises at which a license under this chapter has been in existence continuously from a date prior to the date when a building on the same street or avenue and within two hundred feet of said premises has been occupied exclusively as a school, church, synagogue or other place of worship.'' (Emphasis supplied.)   Prior to 1957 the word '' renewal '' did not appear in the statute.

The vicar of the church involved certifies he has no objection to the granting of said application.   Moreover, the vicar states his communicants hold petitioner and its principals, a well-known neighborhood family, in great esteem; that petitioner maintains the highest standards of taste and decorum in the maintenance, operation and conduct of the restaurant.

Petitioner's gross sales for 1962 were in excess of $330,000, of which over 80% represented food; petitioner alleges it has been losing patronage because liquor is not available for service to its customers.

In 1909 it was held that a long-established dealer in liquor was not entitled to a liquor tax certificate for the period of one year following October 1, 1908 because after December 1, 1907 a building within 200 feet of petitioner's place of business had been occupied as a church. (*Matter of Hering*, 196 N. Y. 218.) The court there observed (pp. 220–221): '' That the operation of the statute in cases like the one now before us is manifestly harsh would doubtless be a cogent argument to support the proposition that the legislature could not have intended such effect, and might be conclusive were the language of the statute at all ambiguous; but in view of the clear phraseology of the law the contention is inadmissible and the courts must remit those aggrieved thereby to relief by legislative action.''

In 1911 the Legislature (L. 1911, ch. 643, § 3) extended relief to those situated as the petitioner in *Matter of Hering* (*supra*). It is thus manifest that it is the legislative purpose to exempt certain existing establishments from the restriction of subdivision 7.

The Alcoholic Beverage Control Law keys retail licenses for on-premises consumption to the type of beverage. Section 55 applies to beer; section 64 applies to liquor; and section 81 applies to wine. A license to sell liquor includes the right to sell wine and beer (§ 64, subd. 4); a license to sell wine includes the right to sell beer (§ 81, subd. 2); but a license to sell beer does not enable the sale of wine or liquor.

The disqualification of sites for retail on-premises consumption within 200 feet of a school or place of worship is limited to the sale of liquor (§ 64, subd. 7) and by section 81 to the sale of wine. The Legislature made no distinction between wine and liquor in imposing the restriction.

Petitioner herein has been licensed for on-premises retail sale of wine since 1949. Petitioner has maintained the premises as a restaurant prior and since December 5, 1933. Hence, even within the meaning of subdivision 7, as amended in 1957, contended for by appellants, which first introduced the concept of a '' renewal license '', as to the first class of exempt establishments therein provided, petitioner would be entitled to a wine license and to continue to maintain its restaurant within the restricted area. However, in so interpreting said provision the appellants import a distinction not made by the Legislature in restricting establishments within 200 feet of a school or place

of worship. The Legislature has proscribed the sale of wine or liquor within the restricted area. There is no evidence of a legislative purpose to distinguish between wine and liquor in respect of said limitation.

The evidence is the other way. As to the second class of exempt establishments under subdivision 7, premises licensed prior to the location of a school or church within the restricted area, it is provided " no license shall be denied to any premises at which a license under this chapter has been in existence ". It is to be noted that " a license under this chapter " embraces a beer, wine or liquor license. Hence, any one of the said licenses serves to qualify for exemption the second group of establishments under subdivision 7. Manifestly the Legislature did not intend to discriminate against petitioner, a restaurant in existence prior to December 5, 1933, within the first group, simply because it was previously licensed for retail sale of wine and beer and not licensed for the retail sale of liquor.

If, therefore, petitioner is eligible for a retail on-premises wine license, it should also be eligible for a retail on-premises liquor license.

Prior to 1957 subdivision 7 of section 64 made no distinction between establishments in existence since December 5, 1933, the first group, and those licensed thereafter, the second group. As to both types it was provided " no license shall be denied ". Chapter 657 of the Laws of 1957 introduced the phrase " no renewal license shall be denied " as to establishments on or prior to December 5, 1933, the first group, and retained the provision " no license shall be denied " in respect to establishments licensed thereafter and before the school or place of worship took up location within the 200-foot area, the second group.

There is discernible the legislative purpose to terminate the inchoate right to exemption from the limitation of subdivision 7 extended " to any premises so located which were maintained as a bona fide hotel, restaurant, catering establishment or club on or prior to December fifth, nineteen hundred thirty-three ", the first group. It is to be noted that the ante-1957 exemption was accorded to the named establishments without the requirement that they be licensed. The 1957 amendment terminated the right to exemption as to the establishments within said first group which had not theretofore been licensed. In short, the ante-1957 provision applied to the first designated establishments, although previously unlicensed; whereas the post-1957 provision is limited to those licensed among such establishments.

No change was required as to the second group, licensed premises " in existence continuously " prior to the location of

a school or place of worship within 200 feet, because the exemption of that group required previously existing licensed premises.

Petitioner was a licensee prior to 1957. Hence, it is not to be denied a license by force of subdivision 7. There is no legislative distinction between a wine license and a liquor license in respect of the exemption against the limitation dealt with in subdivision 7. Moreover, the ambiguity, as strongly implied in *Matter of Hering (supra)*, should be resolved against a " manifestly harsh " result.

The order should be affirmed.

EAGER, J. (dissenting). I would reverse and grant the motion to dismiss the petition for insufficiency. " ' There is no inherent right in a citizen ' to engage in the business of selling intoxicating liquors (*Crowley* v. *Christensen,* 137 U. S. 86, 91; *Bertholf* v. *O'Reilly,* 74 N. Y. 509, 517) " (*Matter of Wager* v. *State Liq. Auth.,* 4 N Y 2d 465, 468). The conditions under which alcoholic beverages may be sold are subject to reasonable State regulation. So, the petitioner had no vested right and acquired none to secure a retail restaurant liquor license in connection with the subject premises which were located within 200 feet of a church. If regulations in effect at the time of the petitioner's application for such a license precluded the granting thereof because of the location of the subject premises within the restricted 200-foot area, then the respondent Authority was required to disapprove the application. (*Matter of Hering,* 196 N. Y. 218.)

The statute as it read at the time of the application and as it now reads, prohibits the granting of such a license for any premises located within the 200-foot area, subject, however, to the provision that " no renewal license shall be denied because of such restriction to any premises so located which were maintained as a bona fide hotel, restaurant, catering establishment or club on or prior to December fifth, nineteen hundred thirty-three ". (Alcoholic Beverage Control Law, § 64, subd. 7.)

The word " renewal " was inserted in the above provision by chapter 657 of the Laws of 1957, effective April 18, 1957. Prior to this amendment of the law, any bona fide hotel, restaurant, catering establishment or club maintained on or prior to December 5, 1933 had so-called " grandfather rights " entitling it to a license to sell alcoholic beverages. The effect of the 1957 amendment was to limit these " grandfather rights " to the right to renewal of existing licenses for premises in the restricted area. This is the way the statute now reads. Furthermore, the legislative intent to restrict the operation of the statutory exception to renewals of existing licenses is clearly

indicated by its memoranda with reference to the 1957 amendment. State Senator Anderson, who introduced the bill calling for the amendment, noted that it was drafted in co-operation with the State Liquor Authority and that the "insertion of the word 'renewal' which is underlined in the body of the draft will serve to afford greater protection to schools, churches, etc., in the future. It will, in effect, preclude any new licenses being granted within the prescribed distance." Then, the State Liquor Authority presented to the Governor a memorandum specifically pointing out that the proposed law amends the statute to provide that the statutory exception shall be limited to "*renewals* of existing licenses".

The retail restaurant liquor license now applied for by the petitioner was clearly not a "renewal license", i.e., a renewal of an existing license. Generally speaking, where a statute speaks of the renewal of a license, it speaks of one which contains the same terms and conditions as the old license. (See *Whitesides* v. *Council of City of Cheyenne,* 78 Wyo. 80; *Appeal of Stavolo,* 81 Conn. 454.) The existing license held by the petitioner covering premises in the proscribed area was a retail wine and beer license and the renewal thereof would not authorize the sale of liquor on the premises. The petitioner, in filing application for a retail restaurant liquor license, was seeking to procure a different and expanded type or class of license and not the renewal of its existing beer and wine license.

STEVENS and STEUER, JJ., concur with MCNALLY, J.; EAGER, J., dissents in opinion, in which BOTEIN, P. J., concurs.

Order, entered on January 3, 1964, affirmed, with $20 costs and disbursements to petitioner-respondent.