In the Matter of LORD MANAGEMENT CORP., Appellant, v LEE GOODWIN, as Commissioner of the New York State Division of Housing and Community Renewal, Respondent.

First Department, December 16, 1975

*Irving L. Weinberger* of counsel *(Joseph Greenberg,* attorney), for appellant.

*Irving Lawrence* of counsel *(Harold Zucker,* attorney), for respondent.

*Per Curiam.* In accordance with enabling legislation provided by subdivision 2 of section 12 of the Emergency Housing Rent Control Law (L 1946, ch 274, as amd by L 1962, ch 973), the City of Mount Vernon passed a resolution, dated December 12, 1968, to decontrol the rents on certain size apartments. As required by the statute, the resolution was filed with the State Division of Housing and Community Renewal. It provided for decontrol of apartments, "which are or become vacant on or after January 1, 1969, provided, however, that such decontrol shall take effect only after inspection by the Department of Buildings and certification by said Department that the dwelling unit or units to be decontrolled are free of building violations", with the report of such decontrol to be filed by the owner with the office of the local rent administrator.

The owner, petitioner-appellant here, rented out four apartments in May and June, 1971. These apartments were certified to be free of building code violations in July, 1973 and the owner then applied for their decontrol. It was denied by the local rent administrator because the apartments had not been violation free when rented. This determination was affirmed by the respondent State commissioner and the owner brought this CPLR article 78 proceeding to review the decision. The petitioner asserts that it has fulfilled the only requirements of the resolution, i.e., a vacancy after January 1, 1969 and a certification that the specified apartment was violation free. It contends that, whether the certification came before or after the leasing, the apartments should be free of rent control under the terms of the resolution.

The court below dismissed the petition, holding that, while

the petitioner was correct by a literal reading of the resolution, the entire scheme of rent control would provide a condition that should be implied in the resolution, that certification of no violations should precede leasing. We cannot agree with this reasoning because it runs counter to the multitude of cases holding that clear and unambiguous legislation cannot be amended by a court or an administrative agency adding a term or condition (*Matter of Malpica-Orsini,* 36 NY2d 568; *Matter of Hering,* 196 NY 218). "[T]he impulse to read the statute liberally and to effect its purpose must be limited by the language used. In statutory construction, purpose may permit a broad and even an unusually broad rendering of the statutory language. But purpose cannot be a warrant to go beyond the language used" (*Matter of Smith [Great Amer. Ins. Co.],* 29 NY2d 116, 120). The respondent's refusal to decontrol must therefore be held to have been arbitrary.

Decontrol, however, does not take place as soon as the certificates are obtained and reported. Ordinarily the time will be controlled by the enabling legislation. In this instance, the wording of the resolution requires us to read it in conjunction with the enabling act to determine when decontrol becomes effective. Section 3 of chapter 374 of the Laws of 1971 mandates that when decontrol has its genesis in a filed resolution it shall take place in accordance with one of three options: (a) two years after the landlord and tenant have entered into an interim or bridging lease the rental terms of which are specified by statute, if the parties elect such a lease; (b) six months after the filing date of the resolution, if the landlord has offered the interim lease and the tenant has refused it; (c) two years from the filing of the resolution, if the landlord does not offer an interim lease. Where, as here, the filed resolution itself recognizes a later fulfillable condition precedent to decontrol, we must conclude that the optional time periods before decontrol shall be measured from the time of fulfillment and the necessary report.

The certificates that the apartments were violation free were obtained and reported in May, 1973. The two-year period available under option (c) expired in July, 1975. Because this litigation long antedates that time, justice requires that the tenants be given a reasonable opportunity to enter into new leases or to vacate.

The judgment entered June 27, 1974, should be reversed, on the law, and the petition granted, without costs and without

disbursements. The tenants shall have 60 days from the date of the order to be settled hereon within which to enter into new leases or to vacate the premises.

Settle order.

STEVENS, P. J., MARKEWICH, KUPFERMAN, CAPOZZOLI and LYNCH, JJ., concur.

Judgment, Supreme Court, New York County, entered on June 27, 1974, unanimously reversed, on the law, and the petition granted, without costs and without disbursements. The tenants shall have 60 days from the date of the order to be settled hereon within which to enter into new leases or to vacate the premises.

Settle order on notice.