Gary ERDMAN, Appellant (Petitioner)

v.

STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent).

No. 99–215.

Supreme Court of Wyoming.

May 1, 2000.

Representing Appellant: Donald L. Painter, Casper, WY.

Representing Appellee: Gay Woodhouse, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Senior Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

HILL, Justice.

Appellant Gary Erdman (Erdman) contends that a hearing examiner erred in denying his motion for voluntary withdrawal of his permanent partial disability claim, with prejudice. That claim was filed several years after, and as an adjunct to, a work-related injury, which was covered by worker's compensation benefits. We affirm.

## ISSUES

Erdman posits this issue:

Whether the Hearing Examiner erred in dismissing Appellant's permanent partial disability claim with prejudice.

The Workers' Safety and Compensation Division (Division) states this issue:

After the Employee requested a hearing on the denial of a medical bill, the parties agreed to submit an intervening permanent partial disability claim to the Hearing Examiner. At hearing, the Employee's attorney moved to withdraw the intervening claim.

A. Was the denial of the Employee's motion to withdraw his intervening claim within the Hearing Examiner's discretion and in accordance with law?

## FACTS

Erdman injured his back while at work on November 4, 1995. He received worker's compensation benefits for that injury. On January 23, 1998, Erdman received some additional medical tests/services, which he asserted were related to his on-the-job injury. By letter dated February 19, 1998, the Division denied the claim on the basis that it was not related to his on-the-job injury, but rather, it was related to injuries he suffered in an automobile accident on December 20, 1997. Erdman objected to the denial of the claim[1]. That matter was originally set for hearing on June 16, 1998. On May 14, 1998, Erdman asked that the hearing be continued, and the Hearing Examiner did continue the hearing date until September 15, 1998.

On June 15, 1998, Erdman amended his claim for benefits to include a claim for permanent partial disability benefits equal to 50% of whole body. That claim was joined with his initial claim, and both were to be heard together at the hearing already scheduled. At the September 15, 1998, hearing, there was a dispute about exhibits, and so the hearing was again continued until October 5, 1998. As one of the initial matters of business raised at the October 5, 1998, hearing, Erdman asked leave to withdraw the claim for an award of permanent partial disability. He maintained that the withdrawal should be without prejudice so that he could re-file it at a later date. One of the requirements for such an award is that the injured worker has conducted a job search. It was Erdman's contention that because of the automobile accident in December of 1997, he was unable to complete that search and, therefore, would be unable to document that element of his burden of proof. Wyo. Stat. Ann. § 27–14–405(h) (Michie 1997) provides:

(h) An injured employee awarded permanent partial impairment benefits may apply for a permanent disability award subject to the following terms and conditions:

(i) The injured employee is because of the injury, unable to return to employment at a comparable or higher wage than the wage the employee was earning at the time of injury;

(ii) An application for permanent partial disability is filed not before three (3)

---

1. The Hearing Examiner determined that this portion of Erdman's claim should be paid, and there is no further dispute in that regard.

months after the date of ascertainable loss or three (3) months before the last scheduled impairment payment, whichever occurs later, but in no event later than one (1) year following the later date; and

(iii) The employee has actively sought suitable work, considering the employee's health, education, training and experience.

The Hearing Examiner denied Erdman's motion to withdraw his claim premised on § 27–14–405(h), concluding:

2. The Employee–Claimant's motion to withdraw the Application for Permanent Disability is untimely and arose too late in the proceedings. As late as September 21, 1998, following the beginning of this contested case hearing, the Employee–Claimant had sought the permanent partial disability award. It was not until October 5, 1998, that the Employee–Claimant moved to withdraw the Application for Permanent Disability without prejudice. It would be prejudicial to allow the Employee–Claimant to withdraw the Application for Permanent Disability at this late stage of the proceedings only to be brought in the future after he has met the statutory requirements of Wyo. Stat. § 27–14–405. The Employee–Claimant's motion to withdraw the Application for Permanent Disability or to have it dismissed without prejudice is denied.

### STANDARD OF REVIEW

 Our standard of review in a case such as this is well-established:

A claimant for worker's compensation benefits has the burden of proving all the essential elements of the claim by a preponderance of the evidence in the contested case hearing. *Martinez v. State ex rel. Wyoming Workers' Compensation Div.,* 917 P.2d 619, 621 (Wyo.1996). When an agency decides that the party charged with the burden of proof has failed to meet that burden, the case is reviewed under the "[a]rbitrary, capricious, an abuse of discretion or otherwise not in accordance with law" language of Wyo. Stat. § 16–3–114(c)(ii) (1990). *City of Casper v. Utech,* 895 P.2d 449, 452 (Wyo.1995). On appeal the complainant, Pederson in this instance,

has the burden of proving arbitrary administrative action. *Knight v. Environmental Quality Council of State of Wyo.,* 805 P.2d 268 (Wyo.1991); *Wyoming Bancorporation v. Bonham,* 527 P.2d 432, 439 (Wyo. 1974); *Marathon Oil Co. v. Welch,* 379 P.2d 832, 836 (Wyo.1963); *Whitesides v. Council of City of Cheyenne,* 78 Wyo. 80, 319 P.2d 520, 526 (1957). The agency, as the trier of fact, is charged with weighing the evidence and determining the credibility of witnesses. *Utech,* 895 P.2d at 451, and cases there cited. The deference normally accorded to the findings of fact by a trial court is extended to the administrative agency, and the agency's decision as to the facts will not be overturned unless it is clearly contrary to the overwhelming weight of the evidence. *Wyoming Steel & Fab, Inc. v. Robles,* 882 P.2d 873, 875 (Wyo.1994). Demonstrating evidentiary contradictions in the record does not establish the irrationality of the ruling, but we do examine conflicting evidence to determine if the agency reasonably could have made its finding and order based upon all of the evidence before it. *Matter of Corman,* 909 P.2d 966, 971 (Wyo.1996); *Knight,* 805 P.2d at 274; *Ward v. Board of Trustees of Goshen County School Dist. No. 1,* 865 P.2d 618, 623 (Wyo.1993); *State ex rel. Wyoming Workers' Compensation Div. v. Ramsey,* 839 P.2d 936, 941 (Wyo. 1992).

*Claim of Pederson,* 939 P.2d 740, 742 (Wyo. 1997).

 Rather than addressing the issue raised in terms of the governing standard of review, Erdman simply claims that the Hearing Examiner "erred" in denying his "last minute" motion to withdraw the claim without prejudice. Erdman has failed to cite pertinent authority or cogent argument in support of the asserted "error." A logical source for an argument to have been made by analogy would have been W.R.C.P. 41 (dismissal of actions). *See* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 2364 (1995). An examination of the material contained in that discussion of the discretion enjoyed by an adjudicator, when resolving a motion such as

that at issue here, supports a conclusion that this Hearing Examiner acted well within her discretion in these circumstances. *Id.* at 292–97. One very non-arbitrary, non-capricious, discreet, and lawful conclusion the Hearing Examiner might have reached is that Erdman simply had not prepared for the scheduled hearing, and wanted more time to get ready.

However, we will limit our disposition of the issue raised to a conclusion that the absence of pertinent authority or cogent argument requires that we decline to address the issue further. *Painter v. Spurrier,* 969 P.2d 548, 549 (Wyo.1998); *Hemme v. Wyoming Workers' Compensation Division,* 914 P.2d 824, 827 (Wyo.1996); *Makinen v. PM P.C.,* 893 P.2d 1149, 1155 (fn.2) (Wyo.1995).

The order of the district court affirming the determination made by the Hearing Examiner is affirmed.